Barbara A. Rohr (SBN 273353)
Benjamin Heikali (SBN 307466)
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: brohr@faruqilaw.com
        bheikali@faruqilaw.com

*Attorneys for Plaintiff Jason Saidian*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SAIDIAN, individually and on behalf of all others similarly situated, | Case No.: 2:16-cv-08338 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | 1. **Violation of California Civil Code §1750, *et seq.*** |
| KRISPY KREME DOUGHNUTS, INC., | 2. **Violation of California Business and Professions Code § 17200, *et seq.*** |
| Defendant. | 3. **Violation of California Business and Professions Code § 17500, *et seq.*** |
| | 4. **Breach of Express Warranty** |
| | 5. **Breach of Implied Warranty** |
| | 6. **Common Law Fraud** |
| | 7. **Intentional Misrepresentation** |
| | 8. **Negligent Misrepresentation** |
| | 9. **Breach of Contract** |
| | 10. **Quasi-Contract/Unjust Enrichment/Restitution** |
| | **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Jason Saidian ("Plaintiff") by and through his counsel, brings this Class Action Complaint against Krispy Kreme Doughnuts, Inc. ("Krispy Kreme" or "Defendant"), on behalf of himself and all others similarly situated, and alleges upon personal knowledge as to his own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## **NATURE OF THE ACTION**

1.     Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendant, based on Defendant's false and misleading business practices with respect to the marketing and sale of its "Chocolate Iced Raspberry Filled" and "Glazed Raspberry Filled" donuts ("Raspberry Products"), its "Maple Iced Glazed" and "Maple Bar" donuts ("Maple Products"), and its "Glazed Blueberry Cake" donuts and the "Glazed Blueberry Cake" donut holes ("Blueberry Products") at Krispy Kreme company and franchise stores (collectively referred to as the "Products").[1]

2.     At all relevant times, Defendant has formulated, manufactured, marketed, and sold the Raspberry Products under the descriptive product names "Chocolate Iced Raspberry Filled" and "Glazed Raspberry Filled," representing that the Raspberry Products are filled with actual raspberry.

3.     However, unbeknownst to consumers, the Raspberry Products uniformly do not contain any raspberries.

4.     At all relevant times, Defendant has formulated, manufactured, marketed, and sold the Maple Products under the descriptive product names "Maple Iced Glazed" and "Maple Bar," representing that the Maple Products contain maple syrup or maple sugar.

5.     However, unbeknownst to consumers, the Maple Products uniformly do not contain any maple syrup or maple sugar.

---

[1] Defined and depicted further *infra* in paragraph 18-20.

2

## **CLASS ACTION COMPLAINT**

6.     At all relevant times, Defendant has formulated, manufactured, marketed, and sold the Blueberry Products under the descriptive product names "Glazed Blueberry Cake" with imitation blueberries that highly resemble actual blueberries due to their round shape and blue color.

7.     However, unbeknownst to consumers, the Blueberry Products uniformly do not contain any blueberries.

8.     Raspberry, maple, and blueberry are herein individually referred to as a "Premium Ingredient" and collectively referred to as "Premium Ingredients."

9.     Plaintiff and other consumers purchased the Products, reasonably relying on Defendant's deceptive representation about the Products, and believing that each of the Products contained its respective Premium Ingredient.  Had Plaintiff and other consumers known that the Products did not contain their Premium Ingredients, they would not have purchased the Products or would have paid significantly less for the Products.  Therefore, Plaintiff and consumers have suffered injury in fact as a result of Defendant's deceptive practices.

10.     Plaintiff brings this class action lawsuit on behalf of himself and all others similarly situated.   Plaintiff seeks to represent a California Subclass, a California Consumer Subclass, and a Nationwide Class (defined *infra* in paragraphs 45-48) (together referred to as "Classes").

11.     Plaintiff, on behalf of himself and other consumers, is seeking damages, restitution, declaratory and injunctive relief, and all other remedies the court deems appropriate.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed Classes are in excess of $5,000,000, exclusive of interests and costs, and Plaintiff, as well as most members of the proposed Classes, which total

3
**CLASS ACTION COMPLAINT**

1  more than 100 class members, are citizens of states different from the state of
2  Defendant.

3      13.     This Court has personal jurisdiction over Defendant because Defendant
4  has sufficient minimum contacts in California or otherwise intentionally did avail
5  itself of the markets within California, through its sale of the Products in California
6  and to California consumers.

7      14.     Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) because
8  Defendant regularly conducts business throughout this District, and a substantial part
9  of the events and/or omissions giving rise to this action occurred in this District.

10                                   **PARTIES**

11     15.     Plaintiff Jason Saidian is a citizen of California, residing in Los Angeles
12  County.  In 2015, Mr. Saidian purchased, *inter alia,* the Glazed Raspberry Filled, the
13  Chocolate Iced Raspberry Filled, the Maple Iced Glazed, and the Glazed Blueberry
14  Cake donuts from a Krispy Kreme store in Santa Monica, California.  Mr. Saidian
15  purchased the Products, reasonably relying on the Defendant's representations about
16  the Products and believing that the each of Products he purchased contained its
17  Premium Ingredient, as represented.  Mr. Saidian would not have purchased the
18  Products or would have paid significantly less for the Products had he known that the
19  Products did not contain their Premium Ingredients.  Mr. Saidian therefore suffered
20  injury in fact and lost money as a result of Defendant's misleading, false, unfair, and
21  fraudulent practices, as described herein.  After Mr. Saidian learned that the Products
22  do not contain their Premium Ingredients, he ceased purchasing and consuming the
23  Products, and retained counsel.  Mr. Saidian is likely to purchase the Products in the
24  future if they each were reformulated to include their Premium Ingredients.

25     16.     Defendant Krispy Kreme Doughnuts, Inc. is a corporation incorporated
26  in North Carolina, with its principal place of business in Winston-Salem, North
27  Carolina. Krispy Kreme directly and/or through its agents, formulates, manufactures,
28

**CLASS ACTION COMPLAINT**

markets, distributes, and sells the Products nationwide, including in California. Krispy Kreme has maintained substantial distribution and sales in this District.

## FACTUAL ALLEGATIONS

**A.     Background**

17.     At all relevant times, Defendant has formulated, manufactured, marketed and sold the Products across California and the United States.  The Products are sold, *inter alia*, over the counter at Krispy Kreme company and franchise stores, in at least the following varieties:

18.     Raspberry Products:

a.     Chocolate Iced Raspberry Filled;[2]



---

[2] http://krispykreme.com/menu/Doughnuts/Chocolate-Iced-Raspberry-Filled (last visited on 11/09/2016).

**CLASS ACTION COMPLAINT**

b.      Glazed Raspberry Filled.[3]



19.    Maple Products:

a.      Maple Iced Glazed;[4]



---

[3] http://krispykreme.com/menu/Doughnuts/Glazed-Raspberry-Filled (last visited on 11/09/2016).
[4] http://krispykreme.com/menu/Doughnuts/Maple-Iced (last visited on 11/09/2016).

**CLASS ACTION COMPLAINT**

b.      Maple Bar.[5]



20.      Blueberry Products:

a.      Glazed Blueberry Cake (doughnuts);[6]



---

[5] http://www.birthdaydealsallmonth.com/wp-content/uploads/2015/01/IMG_20150106_064018.jpg (last visited on 11/09/2016).

[6] https://www.krispykreme.com/menu/Doughnuts/Glazed-Blueberry-Cake (last visited on 11/09/2016).

**CLASS ACTION COMPLAINT**

1

2      b.     Glazed Blueberry Cake (doughnut holes).[7]

3

4

5

6

7

8

9



10

11

12

13

14

15      21.    Defendant markets and sells the Products, *inter alia,* over the counter at

16   its Krispy Kreme company and franchise stores.   The donuts sold in-store by

17   Defendant are displayed in a tray behind a glass counter, along with a small placard

18   in front of each tray that provides the name of the donut variety.   No ingredients list is

19   provided or available to customers in-store.   The image below is an example of

20   Defendant's in store display.[8]

21

22

23

24

25   _____

26   [7] https://www.krispykreme.com/menu/Doughnuts/Doughnut-Hole-Glazed-Blueberry-Cake (last
     visited on 11/09/2016).

27   [8] http://media4.s-nbcnews.com/j/newscms/2016_11/1456591/160314-krispy-kreme-
     0514_da9154dc5fcbc07731e723facdaa46fd.nbcnews-ux-2880-1000.jpg (last visited on
28   11/09/2016).

**CLASS ACTION COMPLAINT**



22.   The placards for the Raspberry Products say "Chocolate Iced Raspberry Filled" or "Glazed Raspberry Filled."  The placards for the Maple Products say "Maple Iced Glazed" or "Maple Bar."  The placards for the Blueberry Products (both the donut and donut holes) say "Glazed Blueberry Cake."[9]

23.   Raspberries are a rich source of Vitamin C, Vitamin K, Potassium, and dietary fiber.[10]   Furthermore, the nutrient profile of raspberries help fight against cancer, heart and circulatory disease, and age-related decline.[11]

24.   Maple syrup and maple sugar are premium ingredients added to sweeten food products.  Maple syrup is "the liquid food derived by concentration and heat treatment of the sap of the maple tree (*Acer*) or by solution in water of maple sugar (mapel[*sic*] concrete) made from such sap."  21 C.F.R. § 168.140.  "Maple syrup

---

[9] Other variations of Blueberry Products' names include "Very Blueberry Cake."
[10] https://ndb.nal.usda.gov/ndb/foods/show/2374?manu=&fgcd=&ds= (last visited on 11/09/2016).
[11] Britt M. Burton-Freeman et al., *Red Raspberries and Their Bioactive Polyphenols: Cardiometabolic and Neuronal Health Links*, 7 Advances in Nutrition 44-65 (2016).

**CLASS ACTION COMPLAINT**

contains an abundant amount of naturally occurring minerals such as calcium, manganese, potassium and magnesium."[12]  Furthermore, maple syrup is also a source of beneficial antioxidants that "have shown to help prevent cancer, support the immune system, lower blood pressure and slow the effects of aging."[13]

25.    Blueberries have the potential to limit the development and severity of certain cancers and vascular diseases, including atherosclerosis, ischemic stroke, and neurodegenerative diseases of aging.[14]  Research suggests that blueberries are one of the richest sources of antioxidant phytonutrients.[15]

26.    Consumers pay a premium price for the Products.  The Products are each considered "Assorted Variet[y]" products and are uniformly priced higher than the Original Glazed Donut.

**B.    The Products do not contain their respective Premium Ingredient**

27.    Through its manufacturing, marketing, and sale of the Raspberry Products, Defendant has represented that the Raspberry Products contain actual raspberries.  Defendant has named the Raspberry Products "Glazed Raspberry Filled" and "Chocolate Iced Raspberry Filled," indicating that the Raspberry Products are filled with actual raspberry.  Furthermore, as portrayed in paragraph 18(a)-(b), the filling in the Raspberry Products appears to contain raspberries due to its red color and texture.

28.    Through its manufacturing, marketing, and sale of the Maple Products, Defendant has represented that the Maple Products contain actual maple syrup or maple sugar.  Defendant has named the Maple Products as "Maple Iced Glazed" and

---

[12] http://vermontmaple.org/nutritional-information/ (last visited on 11/09/2016).

[13] *Id.*

[14] Catherine C. Neto, *Cranberry and blueberry: evidence for protective effects against cancer and vascular diseases.*, 51 Molecular Nutrition Food Research 652–64 (2007).

[15] Ronald L. Prior et al., *Antioxidant Capacity As Influenced by Total Phenolic and Anthocyanin Content, Maturity, and Variety of Vaccinium Species*, 46 Journal of Agricultural and Food Chemistry, 2686–93 (1998).

**CLASS ACTION COMPLAINT**

"Maple Bar," indicating that the Maple Products are glazed with actual maple syrup or maple sugar.  Furthermore, as portrayed in paragraph 19(a)-(b), the glazing on the Maple Products appears to contain maple syrup or maple sugar due to its amber color and smooth texture.

29.    Through its manufacturing, marketing, and sale of the Blueberry Products, Defendant has represented that the Blueberry Products contain actual blueberries.  Defendant has named the Blueberry Products as "Glazed Blueberry Cake," indicating that the Blueberry Products contain actual blueberries. Furthermore, as portrayed in paragraph 20(a)-(b), the Blueberry Products contain imitation blueberries, apparent on the inside and outside of the donuts, that resemble actual blueberries or pieces of actual blueberry due to their blue color and round shape.

30.    Unbeknownst to Plaintiff and other consumers, the Raspberry Products do not contain actual raspberries, the Maple Products do not contain actual maple syrup or maple sugar, and the Blueberry Products do not contain actual blueberries.

31.    **Exhibit A** is Krispy Kreme's Nutritional Data & Ingredients sheet, which lists the specific ingredients for a number of Defendant's donuts.[16]  Neither maple syrup nor maple sugar is listed as an ingredient in the "Maple Iced" [Maple Iced Glazed] donut.  Furthermore, raspberry is not listed an in ingredient in the "Glazed Raspberry Filled" donut.  The "Glazed Blueberry Cake" donut likewise does not contain blueberries.

32.    Based on information and belief, the "Maple Bar" donut also does not contain actual maple syrup or maple sugar.

33.    Based on information and belief, the "Chocolate Iced Raspberry Filled" donut also does not contain actual raspberry.

34.    Based on information and belief, the "Glazed Blueberry Cake" donut

---

[16] This information is not available to customers in-store.

**CLASS ACTION COMPLAINT**

holes also do not contain actual blueberries.

35.     To the contrary, the Products contain nutritionally inferior ingredients, such as sugar and corn syrup, along with gums and artificial food coloring used to mimic the texture, shape, and color of the Premium Ingredients, and induce consumers into believing that the Products actually contain the Premium Ingredients. For example, according to **Exhibit A,** the Blueberry Products contain imitation blueberries (referred to as "blueberry gumbits" by Defendant) which are made from inferior and potentially harmful ingredients such as corn syrup, Blue #2, and Blue #1. Due to their blue color and round shape, the "blueberry gumbits" are inserted strategically on the inside and outside of the Blueberry Products to induce unsuspecting consumers into believing that the Blueberry Products contain actual blueberries.

36.     Defendant knew or should have known that each of the Products did not contain its respective Premium Ingredient because Defendant and/or its agents formulated and manufactured each of the Products.

37.     Defendant knew or should have known that Plaintiff and other consumers, in purchasing the Products, would rely on Defendant's representations about the Products and would therefore reasonably believe that the Raspberry Products contain actual raspberry, the Maple Products contain actual maple syrup or maple sugar, and the Blueberry Products contain actual blueberries.

38.     In reasonable reliance on Defendant's representations, and believing that the Products contain their respective Premium Ingredient, Plaintiff and members of the Classes purchased the Products.

39.     Plaintiff and members of the Classes did not know, and had no reason to know, that the Products do not contain their Premium Ingredient.  The Products sold in-store by Defendant are displayed in a tray behind a glass counter, along with a small placard in front of each tray that provides the name of the donut variety.  The

12

**CLASS ACTION COMPLAINT**

Products appear as if they contain the Premium Ingredients.  Defendant does not provide consumers with access to information on what ingredients are contained in the Products at the point of sale.  Even when consuming the Products, Plaintiff and other consumers cannot easily decipher whether the filling or glazing they are consuming contain actual raspberries, blueberries, or maple ingredients because Defendant has formulated and manufactured the Products in a manner that masks the absence of such ingredients.  Furthermore, as evidenced by **Exhibit A,** a majority of Defendant's other donuts each contain the premium ingredient(s) advertised in their respective product names.  For example, the Glazed "Lemon Filled" donuts contain lemon juice, the "Cinnamon Apple Filled" donuts contain both apple and cinnamon, and the "Glazed Strawberry Filled" donuts contain strawberries.  Therefore, Defendant was not only capable of formulating and manufacturing the Products to include the Premium Ingredients, but also was, or should have been, aware that the Products did not contain their respective Premium  Ingredients and that its representations would deceive unsuspecting consumers.

40.  Because the Products do not contain their respective Premium Ingredient as represented by Defendant and reasonably expected by Plaintiff and consumers, Defendant's uniform practice regarding the marketing and sale of the Products was and continues to be misleading and deceptive.

41.  Each consumer has been exposed to the same or substantially similar deceptive practice, as (1) each of the Raspberry Products does not contain actual raspberry; (2) each of the Maple Products does not contain actual maple syrup or maple sugar; and (3) each of the Blueberry Products do not contain actual blueberry.

42.  As noted in paragraph 26, Plaintiff and other consumers have paid an unlawful premium for the Products.  Plaintiff and other consumers would have paid significantly less for the Products had they known that each of the Products did not contain the Premium Ingredient represented by Defendant. In the alternative, Plaintiff

**CLASS ACTION COMPLAINT**

1   and other consumers would not have purchased the Products at all had they known

2   that the Products did not contain the Premium Ingredient represented by Defendant.

3   Therefore, Plaintiff and other consumers purchasing the Products suffered injury in

4   fact and lost money as a result of Defendant's false, unfair, and fraudulent practices,

5   as described herein.

6       43.    As a result of their misleading business practice, and the harm caused to

7   Plaintiff and other consumers, Defendant should be required to pay for all damages

8   caused to consumers, including Plaintiff. Furthermore, Defendant should be enjoined

9   from engaging in these deceptive practices.

10       44.    Despite being misled by Defendant, Plaintiff would likely purchase the

11   Products in the future if the Products were reformulated to include the premium

12   characterizing ingredients.

13   <u>**CLASS ACTION ALLEGATIONS**</u>

14       45.    Plaintiff brings this case as a class action that may be properly

15   maintained under Federal Rule of Civil Procedure 23 on behalf of himself and all

16   persons in the United States, who within the relevant statute of limitations periods,

17   purchased any of the Products at a Krispy Kreme store ("Nationwide Class").

18       46.    Plaintiff also seeks to represent a subclass defined as all California

19   residents, who within the relevant statute of limitations periods, purchased any of the

20   Products at a Krispy Kreme store ("California Subclass").

21       47.    Plaintiff also seeks to represent a subclass defined as all California

22   residents, who within the relevant statute of limitations periods, purchased the

23   Products for personal, family, or household purposes at a Krispy Kreme store

24   ("California Consumer Subclass").

25       48.    Excluded from the Classes are Defendant, the officers and directors of

26   the Defendant at all relevant times, members of their immediate families and their

27   legal representatives, heirs, successors or assigns and any entity in which Defendant

28

**CLASS ACTION COMPLAINT**

has or had a controlling interest.  Any judge and/or magistrate judge to whom this action is assigned and any members of such judges' staffs and immediate families are also excluded from the Classes.  Also excluded from the Classes are persons or entities that purchased the Products for sole purposes of resale.

49.     Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

50.     Plaintiff is a member of all Classes.

51.     <u>Numerosity</u>:  Defendant has sold millions of units of the Products.  The Products are sold at hundreds of Krispy Kreme store locations across the country. Accordingly, members of the Classes are so numerous that their individual joinder herein is impractical.  While the precise number of class members and their identities are unknown to Plaintiff at this time, the number may be determined through discovery.

52.     <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual class members.  Common legal and factual questions include, but are not limited to, the following:

        a.     Whether the Raspberry Products contain actual raspberries, as represented by Defendant;

        b.     Whether the Maple Products contain actual maple syrup or maple sugar, as represented by Defendant;

        c.     Whether the Blueberry Products contain actual blueberries, as represented by Defendant;

        d.     Whether Plaintiff and other consumers reasonably relied on Defendant's representations when purchasing the Products; and

        e.     Whether Defendant has violated various consumer protection

**CLASS ACTION COMPLAINT**

1   statutes and common laws.

2   53.   Typicality:  Plaintiff's claims are typical of the claims of the Classes he

3   seeks to represent in that Plaintiff and members of the Classes were all exposed to the

4   same or substantially similar false and misleading representations, purchased the

5   Products relying on the uniform false and misleading representations, and suffered

6   losses as a result of such purchases.

7   54.   Adequacy:  Plaintiff is an adequate representative of the Classes because

8   his interests do not conflict with the interests of the members of the Classes he seeks

9   to represent, he has retained competent counsel experienced in prosecuting class

10  actions, and he intends to prosecute this action vigorously.   The interests of the

11  members of the Classes will be fairly and adequately protected by the Plaintiff and

12  his counsel.

13  55.   Superiority:  A class action is superior to other available means for the

14  fair and efficient adjudication of the claims of the members of the Classes.  The size

15  of each claim is too small to pursue individually and each individual Class member

16  will lack the resources to undergo the burden and expense of individual prosecution

17  of the complex and extensive litigation necessary to establish Defendant's liability.

18  Individualized litigation increases the delay and expense to all parties and multiplies

19  the burden on the judicial system presented by the complex legal and factual issues of

20  this case.   Individualized litigation also presents a potential for inconsistent or

21  contradictory judgments.  The class action mechanism is designed to remedy harms

22  like this one that are too small in value, although not insignificant, to file individual

23  lawsuits for.

24  56.   This lawsuit is maintainable as a class action under Federal Rule of Civil

25  Procedure 23(b)(2) because Defendant has acted or refused to act on grounds that are

26  generally applicable to the class members, thereby making final injunctive relief

27  appropriate with respect to all Classes.

28

**CLASS ACTION COMPLAINT**

57.    This lawsuit is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) because the questions of law and fact common to the members of the Classes predominate over any questions that affect only individual members, and because the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq.***
***(for the California Consumer Subclass)***

58.    Plaintiff repeats the allegations contained in paragraphs 1-57 above as if fully set forth herein.

59.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass against Defendant.

60.    The Products are "goods" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of such products by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

61.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By naming the Products with names indicating the presence of Premium Ingredients, Defendant has represented and continues to represent that each of the Products has a Premium Ingredient which it does not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

62.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By advertising the Products with names indicating the presence of Premium Ingredients, and then intentionally not selling the Products to meet the expectations that they contain Premium Ingredients, Defendant has violated section 1770(a)(9) of the CLRA.

17
**CLASS ACTION COMPLAINT**

63.     At all relevant times, Defendant knew or reasonably should have known that each of the Products did not contain its Premium Ingredient, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the representations about the Products in purchasing them.

64.     Plaintiff and members of the California Consumer Subclass reasonably and justifiably relied on Defendant's misleading and fraudulent representations about the Products when purchasing them.  Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct as a material reason for the decision to purchase the Products may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

65.     Plaintiff and members of the California Consumer Subclass suffered injuries caused by Defendant because they would not have purchased the Products or would have paid significantly less for the Products, had they known that Defendant's conduct was misleading and fraudulent.

66.     Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass seek damages, restitution, declaratory and injunctive relief, and all other remedies the court deems appropriate for Defendant's violations of the CLRA.

67.     Pursuant to Cal. Civ. Code § 1782, on August 23, 2016, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant.[17]   Defendant received the notice and demand letter on August 26, 2016. On October 6, 2016, counsel for Plaintiff mailed a supplemental notice and demand letter to Defendant.[18]  Defendant received the notice and demand letter on October 10, 2016.  Because Defendant has failed to fully rectify or remedy the damages caused within 30 days after receipt of both notice and demand letters, Plaintiff is timely filing this Class Action Complaint.

---

[17] See **Exhibit "B."**
[18] See **Exhibit "C."**

**CLASS ACTION COMPLAINT**

**SECOND CLAIM FOR RELIEF**
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq.***
*(for the California Subclass and California Consumer Subclass)*

68.    Plaintiff repeats the allegations contained in paragraphs 1-57 above as if fully set forth herein.

69.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

70.    UCL §17200 provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

71.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law.

72.    Defendant's false and misleading advertising of the Products therefore was and continues to be "unlawful" because it violates the CLRA, California's False Advertising Law ("FAL"), and other applicable laws as described herein.

73.    As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully, unfairly and/or fraudulently obtained money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

74.    Under the UCL, a business act or practice is "unfair" if the Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims.

75.    Defendant's conduct was and continues to be of no benefit to purchasers of the Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the representations about the Products but do not get what they were

19

**CLASS ACTION COMPLAINT**

expecting.  Deceiving consumer about the presence of Premium Ingredients is of no benefit to the consumers, especially when they are paying a premium for the Products.  Therefore, Defendant's conduct was and continues to be "unfair."

76.    As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

77.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public.

78.    Defendant's conduct here was and continues to be fraudulent because it has and will continue to likely deceive consumers into believing that the Products contains the Premium Ingredients, when they do not.  Because Defendant misled and will likely continue to mislead Plaintiff and members of both the California Subclass and California Consumer Subclass, Defendant's conduct was "fraudulent."

79.    As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

80.    Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff, and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**CLASS ACTION COMPLAINT**

**THIRD CLAIM FOR RELIEF**
**Violation of California's False Advertising Law ("FAL"),**
**California Business & Professions Code §§ 17500, *et seq***
*(for the California Subclass and California Consumer Subclass)*

81.     Plaintiff repeats the allegations contained in paragraphs 1-57 above as if fully set forth herein.

82.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

83.     California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

84.     Defendant has represented and continues to represent to the public, including Plaintiff and members of both the California Subclass and California Consumer Subclass, that the Products contain Premium Ingredients. Defendant's representations are false and misleading because the Raspberry Products do not contain raspberry, the Maple Products do not contain maple syrup or maple sugar, and the Blueberry Products do not contain blueberry.   Because Defendant has disseminated false and misleading information regarding their Products, and Defendant knew, or should have known through the exercise of reasonable care, that the information was and continues to be false and misleading, Defendant has violated the FAL and continues to do so.

85.     As a result of Defendant's false advertising, Defendant has and continues to fraudulently obtain money from Plaintiff and members of both the

21

**CLASS ACTION COMPLAINT**

California Subclass and California Consumer Subclass.

86.     Plaintiff requests that this Court cause Defendant to restore this fraudulently obtained money to Plaintiff and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein.  Otherwise, Plaintiff and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### FOURTH CLAIM FOR RELIEF
### Breach of Express Warranty,
### California Commercial Code § 2313
*(for the California Subclass and California Consumer Subclass)*

87.     Plaintiff repeats the allegations contained in paragraphs 1-57 above as if fully set forth herein.

88.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

89.     California Commercial Code § 2313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  Cal. Com. Code § 2313.

90.     Defendant has expressly warranted that the Raspberry Products contain actual raspberries, that the Maple Products contain actual maple ingredients, and that the Blueberry Products contain actual blueberry.  These representations about the Products: (1) are affirmations of fact or promises made by Defendant to consumers

22

**CLASS ACTION COMPLAINT**

that the Products do in fact contain the Premium Ingredients; (2) became part of the basis of the bargain to purchase the Products; and (3) created an express warranty that the Products would conform to these affirmations of fact or promises.   In the alternative, the representations about the Products are descriptions of goods which were made as part of the basis of the bargain to purchase the Products, and which created an express warranty that the Products would conform to the product descriptions.

91.   Plaintiff and members of both the California Subclass and California Consumer Subclass reasonably and justifiably relied on the foregoing express warranties, believing that that the Products did in fact conform to these warranties.

92.   Defendant has breached the express warranties made to Plaintiff and members of both the California Subclass and California Consumer Subclass by failing to formulate, manufacture, and sell the Products to satisfy those warranties.

93.   Plaintiff and members of both the California Subclass and California Consumer Subclass paid a premium price for the Products but did not obtain the full value of the Products as represented.  If Plaintiff and members of both the California Subclass and California Consumer Subclass had known of the true nature of the Products, they would not have purchased the Products or would not have been willing to pay the premium price associated with Products.

94.   As a result, Plaintiff and members of both the California Subclass and California Consumer Subclass suffered injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty,**
**California Commercial Code § 2314**
***(for the California Subclass and California Consumer Subclass)***

95.   Plaintiff repeats the allegations contained in paragraphs 1-57 above as if fully set forth herein.

**CLASS ACTION COMPLAINT**

96.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

97.     California Commercial Code § 2314(1) provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Cal. Com. Code § 2314(1).

98.     Furthermore, California Commercial Code § 2314(2) provides that "[g]oods to be merchantable must be at least such as… (f)[c]onform to the promises or affirmations of fact made on the container or label if any."  Cal. Com. Code § 2314(2)(f).

99.     Defendant is a merchant with respect to the sale of doughnuts, including the Products.  Therefore, a warranty of merchantability is implied in every contract for sale of the Products to California consumers.

100.   In naming the Products using their respective Premium Ingredients, Defendant has provided a promise or affirmation of fact to California, that the Products do in fact contain the Premium Ingredients.

101.   However, the Products do not contain the Premium Ingredients that Defendant promises that they contain.

102.   Therefore, Defendant has breached its implied warranty of merchantability in regard to the Products.

103.   If Plaintiff and members of both the California Subclass and California Consumer Subclass had known that the Products did not conform to Defendant's contract descriptions, they would not have purchased the Products, would have purchased less of the products, or would not have been willing to pay the premium price associated with Products.  Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of both the California Subclass and California Consumer Subclass have suffered injury and deserve to recover all

1   damages afforded under the law.

2

3   **SIXTH CLAIM FOR RELIEF**
    **Common Law Fraud**
4   (*for the Classes*)

5   104.   Plaintiff repeats the allegations contained in paragraphs 1-57 above as if

6   fully set forth herein.

7   105.   Plaintiff brings this claim individually and on behalf of the members of

8   the Classes against Defendant.

9   106.   Defendant has willfully, falsely, and knowingly formulated the Products

10  without the presence of the Premium Ingredients.   Contrary to their formulation,

11  however, Defendant has intentionally represented that the Products contain Premium

12  Ingredients.   Therefore Defendant has made misrepresentations as to the Products.

13  107.   Defendant's misrepresentations were material (i.e., the type of

14  misrepresentations to which a reasonable person would attach importance and would

15  be induced to act thereon in making purchase decisions), because they relate to the

16  contents of the Products.

17  108.   Defendant knew or recklessly disregarded the fact that the Products did

18  not in fact contain the Premium Ingredients, as represented.

19  109.   Defendant intended that Plaintiff and others consumers rely on these

20  representations, as evidenced by the appearance of each of the Products as well as

21  Defendant's simple placard names for each of the Products, without further

22  description of the Products.   Furthermore, Krispy Kreme stores do not provide

23  customers with a readily available list of ingredients for any of their products.

24  110.   Plaintiff and members of the Classes have reasonably and justifiably

25  relied on Defendant's misrepresentations when purchasing the Products and had the

26  correct facts been known, would not have purchased the Products or would not have

27  purchased them at the prices at which they were offered.

28

**CLASS ACTION COMPLAINT**

111. Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### SEVENTH CLAIM FOR RELIEF
### Intentional Misrepresentation
### (*for the Classes*)

112. Plaintiff repeats the allegations contained in paragraphs 1-57 above as if fully set forth herein.

113. Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

114. Defendant has marketed Products in a manner indicating that the Products contain the Premium Ingredients. However, the Products do not contain the Premium Ingredients. Therefore Defendant has made misrepresentations as to the Products.

115. Defendant's representations regarding the Products are material to a reasonable consumer because they relate to the content of the Products purchased by the consumer. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

116. At all relevant times when such misrepresentations were made, Defendant knew that the representations were false and misleading, or has acted recklessly in making the representations and without regard to the truth.

117. Defendant intends that Plaintiff and others consumers rely on the representations made about the Products, as evidenced by Defendant using the names of the Premium Ingredients in the names of the various Products and then making the Products appear to contain the Premium Ingredients.

**CLASS ACTION COMPLAINT**

118.   Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

119.   Therefore, as a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF
### Negligent Misrepresentation
#### (*for the Classes*)

120.   Plaintiff repeats the allegations contained in paragraphs 1-57 above as if fully set forth herein.

121.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

122.   Defendant has marketed Products in a manner indicating that the Products contain the Premium Ingredients.  However, the Products do not contain the Premium Ingredients.  Therefore Defendant has made misrepresentations as to the Products.

123.   Defendant's representations regarding the Products are material to a reasonable consumer because they relate to the content of the Products received by the consumer.   A reasonable consumer would attach importance to such representations and would be induced to act thereon in making purchase decisions.

124.   At all relevant times when such misrepresentations were made, Defendant knew or has been negligent in not knowing that that the representations were false and misleading. Defendant has no reasonable grounds for believing its

27

**CLASS ACTION COMPLAINT**

representations were not false and misleading.

125.   Defendant intended and intends that Plaintiff and others consumers rely on the representations made about the Products, as evidenced by Defendant using the names of the Premium Ingredients in the names of the various Products, and then making the Products appear to contain the Premium Ingredients.

126.   Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's negligent misrepresentations when purchasing the Products, and had the correct facts been known, would not have purchased the Products or would not have purchased them at the prices at which they were offered.

127.   Therefore, as a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF
### Breach of Contract
#### (*for the Classes*)

128.   Plaintiff repeats the allegations contained in paragraphs 1-57 above as if fully set forth herein.

129.   Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

130.   In purchasing the Products, Plaintiff and members of the Classes have formed valid contracts that are supported by sufficient consideration, pursuant to which Defendant is obligated to provide Raspberry Products that contain actual raspberry, Maple Products that contain actual maple syrup or maple sugar, and Blueberry Products that contain actual blueberry.

131.   Defendant materially breached its contracts with Plaintiff and members

**CLASS ACTION COMPLAINT**

1  of the Classes by selling Raspberry Products that do not contain actual raspberry,

2  Maple Products that do not contain actual maple syrup or maple sugar, and Blueberry

3  Products that do not contain actual blueberry.

4      132.   As a direct and proximate result of Defendant's breaches, Plaintiff and

5  members of the Classes were damaged in that they received products with less value

6  than the amounts paid.  Moreover, Plaintiff and members of the Classes have suffered

7  economic losses and other general and specific damages, including but not limited to

8  the amounts paid for the Products, and any interest that would have accrued on those

9  monies, all in an amount to be proven at trial.

10
11
12

**TENTH CLAIM FOR RELIEF**
**Quasi Contract/Unjust Enrichment/Restitution**
(*for the Classes*)

13      133.   Plaintiff repeats the allegations contained in paragraphs 1-57 above as if

14  fully set forth herein.

15      134.   Plaintiff brings this claim individually and on behalf of the members of

16  the Classes against Defendant.

17      135.  As alleged herein, Defendant intentionally and recklessly made

18  misleading representations about the Products to Plaintiff and members of the Classes

19  to induce them to purchase the Products.  Plaintiff and members of the Classes have

20  reasonably relied on the misleading representations and have not received all of the

21  benefits promised by Defendant.  Plaintiff and members of the Classes therefore have

22  been induced by Defendant's misleading and false representations about the Products,

23  and paid for them when they would and/or should not have, or paid more money to

24  Defendant for the Products than they otherwise would and/or should have paid.

25      136.  Plaintiff and members of the Classes have conferred a benefit upon

26  Defendant as Defendant has retained monies paid to them by Plaintiff and members

27  of the Classes.

28

29

**CLASS ACTION COMPLAINT**

137.   The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the Classes – i.e., Plaintiff and members of the Classes did not receive the full value of the benefit conferred upon Defendant.

138.   Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon it without paying Plaintiff and the members of the Classes back for the difference of the full value of the benefit compared to the value actually received.

139.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a)   For an order certifying the Nationwide Class, the California Subclass, and the California Consumer Subclass, under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of all Classes; and naming Plaintiff's attorneys as Class Counsel to represent all Classes.

b)   For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

c)   For an order finding in favor of Plaintiff, and all Classes, on all counts asserted herein;

d)   For an order awarding all compensatory and punitive damages, including under the California Consumers Legal Remedies Act on behalf of the California Consumer Subclass, in amounts to be determined by the Court and/or

**CLASS ACTION COMPLAINT**

1 | jury;

2 |     e)    For prejudgment interest on all amounts awarded;

3 |     f)    For interest on the amount of any and all economic losses, at the

4 | prevailing legal rate;

5 |     g)    For an order of restitution and all other forms of equitable monetary

6 | relief;

7 |     h)    For injunctive relief as pleaded or as the Court may deem proper;

8 |     i)    For an order awarding Plaintiff and all Classes their reasonable

9 | attorneys' fees, expenses and costs of suit, including as provided by statute such as

10 | under California Code of Civil Procedure section 1021.5; and

11 |     j)    For any other such relief as the Court deems just and proper.

12 |

13 | **<u>DEMAND FOR TRIAL BY JURY</u>**

14 | Plaintiff demands a trial by jury on all issues so triable.

15 |

16 | Dated: November 9, 2016          **FARUQI & FARUQI, LLP**

17 |     By: *<u>/s/ Barbara A. Rohr</u>*

18 |     Barbara A. Rohr, Bar No. 273353
    Benjamin Heikali, Bar No. 307466

19 |     10866 Wilshire Blvd., Suite 1470
    Los Angeles, CA 90024

20 |     Telephone: 424.256.2884
    Fax: 424.256.2885

21 |     E-mail: brohr@faruqilaw.com
           bheikali@faruqilaw.com

22 |

23 |

24 |

25 |

26 |

27 |

28 |

**CLASS ACTION COMPLAINT**

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Jason Saidian, declare as follows:

1.      I am the Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because I purchased the Products in this District, and Defendant conducts a substantial amount of business in this District.

3.      In 2015, I have purchased the Products from a Krispy Kreme store in Santa Monica, CA.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on November _9_, 2016 at Los Angeles, California.

Jason Saidian

**CLASS ACTION COMPLAINT**