1  Barbara A. Rohr (SBN 273353)
2  Benjamin Heikali (SBN 307466)
   **FARUQI & FARUQI, LLP**
3  10866 Wilshire Boulevard, Suite 1470
   Los Angeles, CA 90024
4  Telephone: (424) 256-2884
   Facsimile: (424) 256-2885
5  E-mail: brohr@faruqilaw.com
           bheikali@faruqilaw.com
6  Timothy J. Peter (*pro hac vice forthcoming*)
7  **FARUQI & FARUQI, LLP**
   101 Greenwood Avenue, Suite 600
8  Jenkintown, PA 19046
   Telephone: (215) 277-5770
9  Facsimile: (215) 277-5771
   E-mail: tpeter@faruqilaw.com

10
11 *Attorneys for Plaintiff Jason Saidian*

12
13              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
14

15 | JASON SAIDIAN, individually and on | Case No.: 2:16-cv-08338 SVW (AFMx) |
   | behalf of all others similarly situated, | |
16 | | **CLASS ACTION** |
17 | Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE** |
18 | v. | |
19 | | Hearing Date: February 27, 2017 |
20 | KRISPY KREME DOUGHNUT CORPORATION, | Time:          1:30 p.m. |
21 | | Judge:      Hon. Stephen V. Wilson |
   | Defendant. | Ctrm:       Courtroom 10A |
22 | | |
23 | | Action Filed: November 9, 2016 |

24
25
26
27
28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY
COMPLAINT AND MOTION TO STRIKE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.  Introduction ....................................................................................................... 1

II.  Factual Background ........................................................................................... 1

III.  Legal Standard .................................................................................................. 2

IV.  Argument .......................................................................................................... 3

  A.  Plaintiff's Claims Are Not Preempted ........................................................ 3

    1.  Plaintiff's Claims Are Not Expressly Preempted. ............................. 3

    2.  Plaintiff's Claims Are Not Subject to Implied Preemption. ............. 7

  B.  Plaintiff's Claims More Than Pass Muster Under Rule 8(a). ............... 8

  C. Plaintiff Has Adequately Pled His Fraud Claims…………………………........12

  D.  Plaintiff's Warranty Claims Do Not Fail. ............................................... 15

    1.  Plaintiff Has Stated A Cause Of Action For Breach Of Express Warranty. . 15

    2.  Plaintiff Has Stated A Cause Of Action For Breach Of Implied Warranty of Merchantability ......................................................................... 17

  E.  Plaintiff's Unjust Enrichment Claim Should Not Be Dismissed. ....... 18

  F.  Plaintiff Has Standing To Seek Injunctive Relief. ................................. 19

  G.  The Court Should Not Strike Plaintiff's Nationwide Class Definition............ 20

  H.  Defendant's Motion to Stay Should Be Denied. ................................. 21

V.  CONCLUSION ................................................................................................ 25

# TABLE OF AUTHORITIES

**Cases**                                                                              **Page(s)**

*In re 5-hour ENERGY Marketing and Sales Practices Litigation*,
No. MDL 13-2438 PSG,
2017 U.S. Dist. LEXIS 13466 (C.D. Cal. Jan. 24, 2017) ............................... 15, 18

*Ackerman v. Coca-Cola Co.*,
No. CV-09-0395 (JG) (RML),
2010 U.S. Dist. LEXIS 73156 (E.D.N.Y. July 21, 2010) ................................. 16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................ 2

*Asis Internet Servs. v. Subscriberbase, Inc.*,
No. 09-3503SC,
2010 U.S. Dist. LEXIS 112852 (N.D. Cal. Apr. 1, 2010) ............................... 9

*Astiana v. Hain Celestial Grp., Inc.*,
783 F.3d 753 (9th Cir. 2015) .................................................................... 18, 19

*Balser v. The Hain Celestial Group Inc.*,
No. 2:13-cv-05604 (C.D. Cal. Aug. 2, 2013) Dkt. No. 61 ............................. 22, 24

*Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*,
490 F.3d 718 (9th Cir. 2007) ....................................................................... 25

*Brazil v. Dole Packaged Foods, LLC*,
660 F. App'x 531 (9th Cir. 2016) ................................................................. 18

*Briseno v. ConAgra Foods, Inc.*,
No. 15-55727, 2017 U.S. App. LEXIS 20 (9th Cir. Jan. 3, 2017) ................ 23

*Brown v. Hain Celestial Grp., Inc.*,
913 F. Supp. 2d 881 (N.D. Cal. 2012) ...................................................... 15, 20

*Bruaner v. MusclePharm Corp.*,
No. CV 14-8869 FMO,
2015 U.S. Dist. LEXIS 105515 (C.D. Cal. Aug. 11, 2015) .......................... 5

*Chacanaca v. Quaker Oats Co.*,
752 F. Supp. 2d 1111 (N.D. Cal. 2010) ..................................................... 4, 12

*CMAX, Inc. v. Hall*,
300 F.2d 265 (9th Cir. 1962) ....................................................................... 21

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

*Coe v. Gen. Mills*,
   No. 15-cv-05112-TEH,
   2016 U.S. Dist. LEXIS 105769 (N.D. Cal. Aug. 10, 2016) .................................... 5

*In re ConAgra Foods, Inc.*,
   908 F. Supp. 2d 1090 (C.D. Cal. 2012) ........................................................ 13, 18

*In re ConAgra Foods, Inc.*,
   No. CV 11-05379-MMM (C.D. Cal. Dec. 29, 2014), Dkt. No. 440 .............. 22, 24

*Corcoran v. CVS Health Corp.*,
   169 F. Supp. 3d 970 (N.D. Cal. 2016) ................................................................. 19

*Day v. AT & T Corp.*,
   63 Cal. App. 4th 325 (1998) ................................................................................. 9

*Dean v. Colgate-Palmolive Co.*,
   No. EDCV 15-0107 JGB (DTBx)
   2015 U.S. Dist. LEXIS 80150 (C.D. Cal. June 17, 2015) .................................... 20

*Dilts v. Penske Logistics, LLC*,
   769 F.3d 637 (9th Cir. 2014) ................................................................................. 3

*In re Farm Raised Salmon Cases*,
   42 Cal. 4th 1077 (2008) .................................................................................... 3, 8

*Fonseca v. Goya Foods, Inc.*,
   No. 16-CV-02559-LHK,
   2016 U.S. Dist. LEXIS 121716 (N.D. Cal. Sep. 8, 2016) .................................... 15

*Forouzesh v. Starbucks Corp.*,
   No. CV 16-3830 PA,
   2016 U.S. Dist. LEXIS 111701 (C.D. Cal. Aug. 19, 2016) ............................ 16, 17

*United States ex rel. Giles v. Sardie*,
   191 F. Supp. 2d 1117 (C.D. Cal. 2000) ................................................................ 8

*Goldemberg v. Johnson & Johnson Consumer Cos.*,
   8 F. Supp. 3d 467 (S.D.N.Y. 2014) ..................................................................... 15

*Gorenstein v. Ocean Spray Cranberries, Inc.*,
   No. CV 09-5925-GAF,
   2009 U.S. Dist. LEXIS 133373 (C.D. Cal. Dec. 18, 2009) .................................... 7

*Grivas v. Metagenics, Inc.*,
   No. 8:15-cv-01838-CJC-DFM, Dkt. No. 22 ........................................................ 24

iv

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

*Grodzitsky v. Am. Honda Motor Co.*,
No. 2:12-cv-1142-SVW-PLA,
2013 U.S. Dist. LEXIS 33387 (C.D. Cal. Feb. 19, 2013) ....................................21

*Hall v. Diamond Foods, Inc.*,
No. C-14-2148 MMC,
2014 U.S. Dist. LEXIS 149673 (N.D. Cal. Oct. 21, 2014) ..................................13

*Hauter v. Zogarts*,
14 Cal. 3d 104 (1975) .........................................................................................17

*Henderson v. Gruma Corp.*,
No. CV 10-04173 AHM,
2011 U.S. Dist. LEXIS 41077 (C.D. Cal. Apr. 11, 2011) ..............................11, 19

*Henderson v. J.M. Smucker Co.*,
No. CV 10-4524-GHK,
2011 U.S. Dist. LEXIS 27953 (C.D. Cal. Mar. 17, 2011) ....................9, 11, 19, 20

*Hodsdon v. Mars*,
162 F. Supp. 3d 1016 (N.D. Cal. 2016) ...............................................................12

*Jones v. ConAgra Foods, Inc.*,
No. 14-16327 (9th Cir. Jul. 15, 2014), Dkt. No. 21 ...........................21, 22, 23, 24

*Kosta v. Del Monte Foods, Inc.*,
No. 15-16974 (9th Cir. Feb. 10, 2016), Dkt. No. 8 ........................................*passim*

*Lam v. Gen. Mills, Inc.*,
859 F. Supp. 2d 1097 (N.D. Cal. 2012) ...............................................................11

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) .........................................................................................21, 22

*Lanovaz v. Twinings N. Am., Inc.*,
No. C-12-02646-RMW,
2014 U.S. Dist. LEXIS 1639 (N.D. Cal. Jan. 6, 2014)........................................19

*Leyva v. Certified Grocers of California, Ltd.*,
593 F.2d 857 (9th Cir. 1979) ...............................................................................25

*Lilly v. Jamba Juice Co.*,
No. 13-cv-02998-JST,
2015 U.S. Dist. LEXIS 34498 (N.D. Cal. Mar. 18, 2015) ...................................20

*Lima v. Gateway, Inc.*,
710 F. Supp. 2d 1000 (C.D. Cal. 2010) ..................................................................9

v

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY
COMPLAINT AND MOTION TO STRIKE**

*Lockwood v. Conagra Foods, Inc.*,
  597 F. Supp. 2d 1028 (N.D. Cal. 2009) .................................................. 8

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ............................................................. 24

*Martinelli v. Johnson & Johnson*,
  No. 2:15-cv-01733-MCE-EFB,
  2016 U.S. Dist. LEXIS 16481 (E.D. Cal. Feb. 10, 2016) ............... 23, 24

*Microsoft Corp. v. Baker, et al.*,
  No. 15-457 .......................................................................................... 24

*N.Y. State Rest. Ass'n v. N.Y. City Bd. of Health*,
  556 F.3d 114 (2d Cir. 2009) .................................................................. 6

*Nat'l Consumer's League v. Doctor's Ass'n*,
  2014 D.C. Super. LEXIS 15 (D.C. Super. Ct. 2014) ...................... 4, 10

*Nat'l Consumers League v. Bimbo Bakeries USA*,
  2015 D.C. Super. LEXIS 5 (D.C. Super. Ct. 2015) ............................. 5

*New York v. Hill*,
  528 U.S. 110 (2000) ............................................................................. 25

*Paulino v. Conopco, Inc.*,
  No. 14-CV-5145,
  2015 U.S. Dist. LEXIS 108165 (E.D.N.Y. Aug. 17, 2015) ................. 15

*Pelletier v. Fed. Home Loan Bank of S.F.*,
  968 F.2d 865 (9th Cir. 1992) .............................................................. 12

*Real v. Johnson & Johnson Consumer Cos.*,
  No. 2:15-cv-05025-SVW-JEM,
  2016 U.S. Dist. LEXIS 80044 (C.D. Cal. Feb. 8, 2016) (Wilson, J.) ... 21

*Red v. Kraft Foods, Inc.*,
  754 F.Supp.2d 1137 (C.D. Cal. 2010) ................................................... 4

*Red v. Kroger Co.*,
  No. CV 10-01025 DMG,
  2010 U.S. Dist. LEXIS 115238 (C.D. Cal. Sep. 2, 2010) ..................... 7

*Reid v. Johnson & Johnson*,
  780 F.3d 952 (9th Cir. 2015) ................................................... 9, 11, 17

vi

*Reynolds v. Wal-Mart Stores, Inc.*,
  No. 4:14cv381-MW/CAS,
  2015 U.S. Dist. LEXIS 53405 (N.D. Fla. Apr. 23, 2015) ................................... 4, 7

*Ries v. Ariz. Bevereges. USA LLC*,
  287 F.R.D. 523 (N.D. Cal. 2012) ................................................................ 19, 20

*Rivera v. Peri & Sons Farms, Inc.*,
  735 F.3d 892 (9th Cir. 2013) .................................................................................. 5

*Rosales v. FitFlop USA, LLC*,
  882 F.Supp.2d 1168 (S.D. Cal. 2012) ................................................................. 16

*Saeidian v. Coca Cola Co.*,
  No. CV 09-06309 SJO,
  2015 U.S. Dist. LEXIS 90733 (C.D. Cal. July 6, 2015) ...................................... 6

*Samet v. P&G*,
  No. 5:12-cv-01891-PSG,
  2013 U.S. Dist. LEXIS 173522 (N.D. Cal. Dec. 10, 2013) ................................ 10

*Sandoval v. Pharmacare US, Inc.*,
  145 F. Supp. 3d 986 (S.D. Cal. 2015) ................................................................ 12

*Sciortino v. PepsiCo, Inc.*,
  108 F. Supp. 3d 780 (N.D. Cal. 2015) .................................................................. 8

*Simpson v. The Kroger Corp.*,
  219 Cal. App. 4th 1352 (2013) .............................................................................. 3

*Strumlauf v. Starbucks Corp.*,
  No. 16-cv-01306-TEH,
  2016 U.S. Dist. LEXIS 79456 (N.D. Cal. June 17, 2016) .............................. 13, 14

*In re Syntex Corp. Sec. Litig.*,
  95 F.3d 922 (9th Cir. 1996) ................................................................................... 2

*Tang v. Bank of Am., N.A.*,
  No. SACV 11-2048 .............................................................................................. 2

*Thomas v. Lind*,
  No. C 12-04318 LB,
  2012 U.S. Dist. LEXIS 171524 (N.D. Cal. Dec. 1, 2012) ................................... 3

*Thorpe v. Abbott Labs., Inc.*,
  534 F. Supp. 2d 1120 (N.D. Cal. 2008) .............................................................. 20

vii

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

*Torrent v. Ollivier*
  No. CV 15-02511 DDP,
  2015 U.S. Dist. LEXIS 143951 (C.D. Cal. Oct. 22, 2015) .................................... 23

*United States v. An Article of Food Labeled Nuclomin*,
  482 F.2d 581 (8th Cir. 1973) ................................................... 4

*Von Grabe v. Sprint PCS*,
  312 F. Supp. 2d 1285 (S.D. Cal. 2003) .................................... 13

*Walling v. Beverly Enters.*,
  476 F.2d 393 (9th Cir. 1973) ................................................... 2

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008) ........................................... 8, 9, 10

*Wyler Summit P'ship v. Turner Broad. Sys., Inc.*,
  135 F.3d 658 (9th Cir. 1998) ................................................... 2

*Yong v. INS*,
  208 F.3d 1116 (9th Cir. 2000) ................................................ 25

**Statutes**

21 U.S.C. § 321(m) .................................................................. 6

21 U.S.C. § 343 ...................................................... 3, 4, 6, 7, 8

Cal. Com. Code § 2313(1) ................................................. 15, 16

Cal. Com. Code § 2314 ........................................................ 17

21 C.F.R. § 101.11 ................................................................. 3

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

Krispy Kreme's "Chocolate Iced Raspberry Filled," "Maple Iced Glazed," "Maple Bar," and "Glazed Blueberry Cake" doughnut and doughnut holes (the "Products") do not contain any fruit or maple whatsoever. Instead, they are masked with inferior ingredients, such as sugar and corn syrup, along with gums and artificial food coloring used to mimic the texture, shape, and color of raspberries, blueberries, and maple syrup. Based on the names and appearances of the Products, customers, such as Plaintiff Jason Saidian ("Plaintiff"), were deceived into believing that these doughnuts contained those fruits and maple ingredients when they did not.

Plaintiff's claims are not preempted as Defendant Krispy Kreme Doughnut Corporation ("Defendant") suggests. The Nutrition Labeling and Education Act ("NLEA") does not regulate restaurant food names, their presentations, or deceptive marketing practices in restaurants. Thus, Plaintiff's claims, which are predicated on these representations, are not preempted. Furthermore, Defendant's contention that a "reasonable consumer" would not have been deceived by the name and presentation of the Products is a factual dispute that cannot be decided on a motion to dismiss.

### II.   Factual Background

This class action challenges the false and misleading marketing of Defendant's Products. First Amended Complaint ("FAC") ¶ 1. Plaintiff alleges that Defendant's in-store representations concerning the Products, such as their descriptive product names, are false and misleading because the Products do not contain actual raspberry, maple sugar/syrup, or blueberry (herein, collectively referred to as "Premium Ingredients"), respectively. *Id*. at ¶¶ 27-30. Furthermore, Defendant manufactures and then presents the Products to consumers with ingredients appearing to look like the Premium Ingredients (i.e. red color filing, imitation "blueberry gumbits," and amber colored glazing). *Id*. at ¶¶ 27-30, 35. Despite this, a number of other donuts sold by

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

Defendant actually contain the Premium Ingredient(s) advertised in their respective product names. *Id*. at ¶ 39. For example, the "Glazed Strawberry Filled" donuts contain strawberries. *Id*. As such, consumers have no way of knowing if they are getting a fruit *filled* donut or a fruit *flavored* donut. *Id*.

Plaintiff and other consumers saw and relied on these deceptive representations in purchasing the Products, and believed that the Products did in fact contain the Premium Ingredients. *Id*. at ¶ 38. Had they known that the Products did not contain the Premium Ingredients, they would have paid significantly less for, or would not have purchased, the Products. *Id.* at ¶ 42. Despite being deceived, Plaintiff would likely purchase the Products in the future if the Products were reformulated to include their respective Premium Ingredients. *Id*. at ¶ 44.

## III.   Legal Standard

***Motion to Dismiss.*** On a motion to dismiss it is defendant's burden to show that plaintiff cannot state a claim for relief. *Tang v. Bank of Am., N.A.*, No. SACV 11-2048 DOC (DTBx), 2012 U.S. Dist. LEXIS 38642, at *32 (C.D. Cal. Mar. 19, 2012) (citing *David v. Baker*, 129 Fed. App'x 358, 360 (9th. Cir. 2005)). For purposes of evaluating a motion to dismiss, all factual uncertainties in the complaint must be construed in the light most favorable to the plaintiff. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). The Court will dismiss only those claims for which it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enters.*, 476 F.2d 393, 396 (9th Cir. 1973). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

***Preemption.*** Preemption is an affirmative defense that cannot ordinarily be raised in a Rule 12(b)(6) motion to dismiss. *Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 649 (9th Cir. 2014); *Thomas v. Lind*, No. C 12-04318 LB, 2012 U.S. Dist. LEXIS 171524, at *14-15 (N.D. Cal. Dec. 1, 2012). The party who claims preemption has the burden of demonstrating that preemption applies, and a court's analysis of preemption should start with a strong presumption against preemption, especially when dealing with state laws regulating the false and deceptive sales practices of food. *Simpson v. The Kroger Corp.*, 219 Cal. App. 4th 1352, 1365-66 (2013); *Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1088 (2008) (noting that laws regulating the deceptive sales practices of food, including California's UCL, FAL, and CLRA, are within states' historic police powers).

## IV.  Argument

### A.  Plaintiff's Claims Are Not Preempted.

#### 1.  Plaintiff's Claims Are Not Expressly Preempted.

Plaintiff's claims are viable and not preempted by the NLEA. For preemption, Defendant re-casts Plaintiff's claims as those requiring ingredient disclosures at the point of sale. *See, e.g.*, Motion to Dismiss ("MTD") at 4 ("[a]sking KKDC to disclose its Products' ingredients at the point of sale would add requirements 'not identical' to the FDCA…."). This is a mischaracterization of Plaintiff's claims, as Plaintiff is concerned with the affirmative marketing misrepresentations in the form of the name and appearance of the Products.  Plaintiff's claims simply do not fall within the ambit of NLEA because the NLEA is silent on the underlying subject of this action.

#### *(1) No "Nutrition Information" Claims are at issue.*

Defendant argues that provisions of 21 U.S.C. § 343(q) and accompanying regulation, 21 C.F.R. § 101.11, preempt Plaintiff's claims. 21 U.S.C. § 343(q)(5)(A)(i) explicitly exempts restaurants from the first four subsections of 21 U.S.C. § 343(q), leaving only the requirements for restaurants set forth at 21 U.S.C. §

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

343(q)(5)(H). But these provisions relate exclusively to required disclosures regarding nutrient information (e.g., total fat, sodium, and protein) and suggested daily caloric intake, information that is <u>entirely irrelevant</u> to Plaintiff's claims here. Plaintiff's claims only relate to the name[1] and appearance of Defendant's Products - claims that in no way implicate § 343(q).  *Nat'l Consumer's League v. Doctor's Ass'n*, 2014 D.C. Super. LEXIS 15, at *8 (D.C. Super. Ct. 2014) (plaintiff's challenge of Subway restaurant's bread names "9-Grain Wheat" and "Honey Oat" and their appearance was not preempted because the "whole grain" content of the food was not a nutrient listed in § 343(q)); *Chacanaca v. Quaker Oats Co.*, 752 F. Supp. 2d 1111, 1119 (N.D. Cal. 2010) ("plaintiffs' claims need not fail on preemption grounds if the requirements they seek to impose…do not involve claims or labeling information of the sort described in…343(q)."); *Red v. Kraft Foods, Inc.*, 754 F.Supp.2d 1137, 1142 (C.D. Cal. 2010) (finding that state law claims regarding the use of the phrases "made with real vegetables" and "made with real ginger and molasses" on defendants' packages were not covered by the NLEA preemption provisions because they did not suggest that a specific nutrient was absent or present in certain amounts).

Defendant cannot identify any preemption provision of the NLEA that even arguably concerns the claims Plaintiff asserts. However, even if Defendant is correct that Plaintiff's claims implicate § 343(q), the NLEA contains a catch all provision, § 343(a)(1), that prohibits misleading products even if those products are otherwise in compliance with the NLEA. *United States v. An Article of Food Labeled Nuclomin*, 482 F.2d 581, 583 (8th Cir. 1973); *Reynolds v. Wal-Mart Stores, Inc.,* No. 4:14cv381-MW/CAS, 2015 U.S. Dist. LEXIS 53405, at *19 (N.D. Fla. Apr. 23, 2015) ("[e]ven assuming that . . . [the product] is not misbranded under § 343(i)," the compliance

---

[1] To the extent that Defendant seeks to argue that Plaintiff's claims are preempted by 21 U.S.C. § 343(i), which regulates the naming of the food, that regulation is inapplicable because it applies solely to packaged goods, which are not at issue here.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

1    does not "cure or neutralize" another false or misleading representation.) Thus,

2    Plaintiff's allegations regarding Defendant's deceptive marketing would still fall

3    under § 343(a)(1), a provision that does <u>not</u> have preemptive reach. *Coe v. Gen.*

4    *Mills*, No. 15-cv-05112-TEH, 2016 U.S. Dist. LEXIS 105769, at *13 (N.D. Cal. Aug.

5    10, 2016) (denying preemption argument when plaintiff's challenges to the food

6    product were predicated on 343(a)(1)).

7                      *(2) Defendant mischaracterizes Plaintiff's allegations.*

8              In an effort to manipulate Plaintiff's claims into preemptive terrain, Defendant

9    distorts Plaintiff's allegations as those requiring ingredient disclosures at the point of

10   sale. *See, e.g.*, MTD at 4, 8, 9. This is a mischaracterization of Plaintiff's claims, as

11   Plaintiff is only concerned with the affirmative marketing misrepresentations in the

12   form of the name and appearance of the Products. Even a casual reading of the FAC

13   demonstrates that Plaintiff nowhere challenges the disclosure, or lack thereof, of

14   ingredients, and nowhere seeks specific injunctive relief in this form. Instead,

15   Plaintiff only seeks to enjoin the general deceptive business practices employed by

16   Defendant. FAC ¶ 43 ("Defendant should be enjoined from engaging in these

17   deceptive practices."). Accordingly, Defendant's attempt to corner Plaintiff to the

18   "disclosure of ingredients" form of relief is grossly inconsistent with a plain reading

19   of the FAC. *Rivera v. Peri & Sons Farms, Inc*., 735 F.3d 892, 902 (9th Cir. 2013)

20   (holding that a district court can only address an affirmative defense in ruling on a

21   motion to dismiss if its validity "is obvious on the face of [the] complaint").

22             Courts have found similar attempts to mischaracterize allegations into

23   preemptive territory unconvincing. *See e.g.*, *Bruaner v. MusclePharm Corp*., No. CV

24   14-8869 FMO (AGRx), 2015 U.S. Dist. LEXIS 105515, at *3-4 (C.D. Cal. Aug. 11,

25   2015) (Defendant's preemption argument was "unpersuasive because it

26   mischaracterizes" plaintiff's complaint); *see also Nat'l Consumers League v. Bimbo*

27   *Bakeries USA*, 2015 D.C. Super. LEXIS 5, at *17 (D.C. Super. Ct. 2015) (denying

28

                                                  5

1    preemption argument where defendant "wrongly recasts [plaintiff's] claims

2    [challenging defendant's product names] as attempts to 'impose additional or

3    different labeling requirements'").

4        Defendant's only factual citation in support of its argument, FAC ¶ 39, is

5    misplaced. MTD at 8. To demonstrate that Plaintiff and Class Members did not know,

6    and had no reason to know, that the Products do not contain Premium Ingredients,

7    Plaintiff alleges that Defendant does not provide access to ingredient information at

8    the point of sale. FAC ¶ 39.  This is a statement of fact and not a request for relief in

9    any way. Accordingly, Defendant's preemption argument fails because Plaintiff is not

10   making the challenges and seeking the relief suggested by Defendant.

11                    *(3)   The NLEA Does Not Regulate the Appearance and*
                            *Presentation of the Products.*

12       Defendant does not and cannot argue that the appearance and presentation of

13   the Products at the point of sale are in and of themselves preempted. § 343(q) and

14   accompanying federal regulations make absolutely no mention of how a food item is

15   supposed to appear or be presented in a restaurant. As a result, Plaintiff's claims

16   based on the deceptive appearance and presentation of the Products cannot be

17   inconsistent with any federal provision, and therefore cannot be preempted. *Saeidian*

18   *v. Coca Cola Co*., No. CV 09-06309 SJO (JPRx), 2015 U.S. Dist. LEXIS 90733, at

19   *18 (C.D. Cal. July 6, 2015) (holding that plaintiff's claims are not preempted

20   because defendant is neither required by the FDA rules to use the fruit imagery and

21   vignettes it uses, nor is it explicitly permitted by FDA regulation to do so).

22       Furthermore, the appearance or presentation of a product cannot be considered

23   "labeling" under the NLEA. *See* 21 U.S.C. § 321(m) ("The term 'labeling' means all

24   labels and other written, printed, or graphic matters (1) upon any article or any of its

25   containers or wrappers, or (2) accompanying such article."). The appearance and

26   presentation of the Products here are clearly not labels or written printed or graphic

27   matters to any extent. *N.Y. State Rest. Ass'n v. N.Y. City Bd. of Health*, 556 F.3d 114,

28

                                            6

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY
COMPLAINT AND MOTION TO STRIKE**

129 (2d Cir. 2009) ("pasta at Olive Garden . . . does not come with a label printed on the bowl."). Accordingly, because § 343a-1(4) only addresses "any requirement for nutrition <u>labeling</u> of food . . ." (emphasis added), and the appearance and presentation of the Products here cannot be considered "labeling," Plaintiff's claims regarding the appearance and presentation of the Products cannot be preempted.

### *(4) The cases Defendant relies on are inapposite.*

Defendant cites to a number of cases in light of its contention that Plaintiff's claims are expressly preempted. The cases Defendant relies on are distinguishable.

*A)* The cases address claims that implicate specific provisions of § 343. For example, in *Red v. Kroger Co.*, No. CV 10-01025 DMG (MANx), 2010 U.S. Dist. LEXIS 115238, at *10 (C.D. Cal. Sep. 2, 2010), the court held that state law challenges to the representations "0g Trans Fat" and "Cholesterol Free" were expressly preempted, but only because "FDA regulations have expressly defined the terms" plaintiffs were challenging. Moreover, *Gorenstein v. Ocean Spray Cranberries, Inc.,* No. CV 09-5925-GAF, 2009 U.S. Dist. LEXIS 133373, at *6 (C.D. Cal. Dec. 18, 2009), is distinguishable in that plaintiffs there admitted that "there was nothing more than regulation-compliant conduct." *Reynolds*, 2015 U.S. Dist. LEXIS 53405, at *36. In contrast, the allegations in this action do not concern a specific regulatory provision, such as § 343(q), but merely challenge the deceptive name and appearance of Defendant's Products.

*B)    The cases are factually distinguishable.*  Defendant does not cite to any case that is factually analogous to the matter at hand. None of Defendant's cases involve non-packaged products displayed at the point of sale, as the Products here are.

### 2.    Plaintiff's Claims Are Not Subject to Implied Preemption.

Congress has explicitly stated that the preemptive reach of the NLEA goes only as far as the NLEA's express preemptive reach. "The [NLEA] shall not be construed

7

to preempt any provision of State law, _**unless**_ such provision is expressly preempted under [21 U.S.C. § 343-1(a)]." Pub. L. No. 101-535, § 6(c)(1) (21 U.S.C. § 343-1 note 1) (emphasis added); *Lockwood v. Conagra Foods, Inc.*, 597 F. Supp. 2d 1028, 1032 (N.D. Cal. 2009) (same) ("[c]ongress has explicitly stated that it does not intend to occupy the field of food and beverage nutritional labeling; instead, it permits states to regulate subject matters covered by the NLEA and its regulations provided that such state laws do not fall within the FDCA's express preemption provisions."); *In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1091 (2008) ("Congress made clear that the preemptive scope of section 343-1 was to sweep no further than the plain language of the statute itself."); *Sciortino v. PepsiCo, Inc.*, 108 F. Supp. 3d 780, 807 (N.D. Cal. 2015) ("[t]he NLEA's savings clause reflects that Congress 'disavow[ed] any implied preemption.'") (quoting *Lockwood,* 597 F. Supp. 2d at 1032).

As discussed *supra*, Plaintiff's claims are not expressly preempted by § 343-1(a). The NLEA's preemptive reach does not extend any further.[2] Therefore, Plaintiff's claims are not impliedly preempted by the NLEA.

## B. Plaintiff's Claims More Than Pass Muster Under Rule 8(a).

Defendant also avers that Plaintiff's claims are implausible because they fail to meet the "reasonable consumer" test applied to claims based on California's consumer protection statutes. MTD at 11. As discussed below, Plaintiff's allegations demonstrate that a reasonable consumer is likely to be deceived by the Products.

Claims under California consumer protection statutes are governed by the "reasonable consumer" test, under which a plaintiff, at trial, must show that members of the public are likely to be deceived by the alleged deception. *Williams v. Gerber*

---

[2] Defendant does not argue that Plaintiff's claims are preempted by conflict preemption, and thus has waived such argument. *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894-95(1990))).

8

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

1  *Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). The California consumer protection

2  laws prohibit "not only advertising which is false, but also advertising which… has a

3  capacity, likelihood or tendency to deceive or confuse the public." *Kasky v. Nike*,

4  Inc., 27 Cal. 4th 939, 951(2002) (quoting *Leoni v. State Bar,* 39 Cal. 3d 609, 626

5  (1985)). Even "[a] perfectly true statement couched in such a manner that it is likely

6  to mislead or deceive the consumer, such as by failure to disclose other relevant

7  information, is actionable . . . " *Day v. AT & T Corp*., 63 Cal. App. 4th 325, 332-33

8  (1998). Furthermore, the context of the advertising as a whole, rather than isolated

9  representations, should be considered. *Lima v. Gateway, Inc*., 710 F. Supp. 2d 1000,

10  1007 (C.D. Cal. 2010).

11      The "reasonable consumer" threshold is low at the motion to dismiss phase.

12  Under California law, whether a business practice is deceptive will usually be a

13  question of fact not appropriate for decision on a motion to dismiss. *Henderson v.*

14  *J.M. Smucker Co*., No. CV 10-4524-GHK (VBKx), 2011 U.S. Dist. LEXIS 27953, at

15  *10-11 (C.D. Cal. Mar. 17, 2011). Only in a "rare situation" is a motion to dismiss on

16  California false advertising claims appropriate. *Williams*, 552 F.3d at 939; *Reid v.*

17  *Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015); *Asis Internet Servs. v.*

18  *Subscriberbase, Inc*., No. 09-3503SC, 2010 U.S. Dist. LEXIS 112852, at *5 (N.D.

19  Cal. Apr. 1, 2010) (Whether a reasonable consumer is likely to be deceived "is

20  clearly a question of fact, which is best left for a jury, unless no reasonable trier of

21  fact could conclude otherwise.").

22      In *Williams*, plaintiffs alleged that defendant's "Fruit Juice Snacks" products

23  were misleading because defendant used the descriptor "Fruit Juice" and depicted

24  pictures of fruit on the products, when the products did not in fact contain "fruit juice

25  from any of the fruits pictured on the packaging." *Williams,* 552 F.3d at 936. The

26  Ninth Circuit held that a reasonable consumer could be deceived by the

27  representations, reasoning that the product name "Fruit Juice Snacks" coupled with

28

9

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

1   the pictures of fruit on the packaging, could "potentially suggest[] (falsely) that those

2   fruits or their juices are contained in the product." *Id.* at 939-40. *See also*, *Nat'l*

3   *Consumer's League ("NCL")*, 2014 D.C. Super. LEXIS 15, *19 (finding that

4   defendant's bread could have a tendency to mislead a reasonable consumer because

5   the "combination of brown coloring and words like 'wheat,' '9-grain,' and 'honey

6   oat' [in the bread names] create[d] false impressions").

7       Like the plaintiffs in *Williams* and *NCL*, Plaintiff here alleges that (1) the

8   Products' names, and (2) the "depiction" of the Products (their presentation, color and

9   texture), taken together, create false impressions that the Products contain fruit (or

10   maple), when they do not. Therefore, it is conceivable that a reasonable consumer of

11   the Products here would likely rely on such representations and believe that the

12   Products he or she is purchasing contain the ingredients named and presented.

13   Consequently, Defendant has failed to meet its burden of showing that the advertising

14   of the Products makes it "impossible for the [P]laintiff to prove that a reasonable

15   consumer was likely to be deceived." *Williams*, 552 F.3d at 939.

16       Despite this, Defendant asks the Court to go beyond the four corners of the

17   FAC and find, as a matter of law, that the conduct described therein would not

18   mislead a reasonable consumer. Defendant argues that that the words "Raspberry,"

19   "Blueberry," and "Maple" on the display placards "are not intended to describe the

20   ingredients of the doughnuts," are merely shorthand, and that reasonable consumers

21   understand that these words refer to flavoring because the Products are desserts.

22   MTD at 11. These propositions are unfounded for at least three reasons:

23       (1) The "intent" of the Defendant's advertising scheme is irrelevant given the

24   fact that the appropriate standard of assessment here is the perception of a

25   "reasonable consumer." *Samet v. P&G*, No. 5:12-cv-01891-PSG, 2013 U.S. Dist.

26   LEXIS 173522, at *20 (N.D. Cal. Dec. 10, 2013) (defendant's intent to deceive is

27   irrelevant to California claim judged under the reasonable consumer standard).

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

Defendant's "intent" as to the Products' names is, at best, ambiguous given the fact that a number of Defendant's other doughnuts are similarly named with characterizing ingredient(s) but actually do contain those characterizing ingredient(s). FAC ¶ 39 ("the 'Glazed Strawberry Filled' donuts contain strawberries.").

(2) Defendant's argument regarding "flavoring" is at odds with *Henderson v. Gruma Corp.,* No. CV 10-04173 AHM (AJWx), 2011 U.S. Dist. LEXIS 41077, at *31-33 (C.D. Cal. Apr. 11, 2011).  In *Henderson*, defendant argued that the word "Guacamole" as part of the product name "Guacamole Flavored Dip" was not misleading because the ingredients combine to produce the basic guacamole <u>flavor</u>. *Id.* at *31. The court disagreed, noting that the emphasis placed on the word "Guacamole," along with the green color of the dip could deceive a reasonable consumer into believing that the product contains actual avocado. *Id.* at *32. Because the product only contained 2% avocado powder, the court went on to deny defendant's motion to dismiss based on the avocado claim. *Id.* at *33. Plaintiff's facts are akin to, if not stronger, than those in *Henderson*. Defendant here is similarly arguing that the words "Raspberry," "Blueberry," and "Maple" refer to the "flavor" of the fruit or ingredient, but the *Henderson* court has already held that the name of a product coupled with the color of the ingredient, <u>can</u> deceive a reasonable consumer into believing that the product contains that actual fruit or ingredient. *See also Lam v. Gen. Mills, Inc*., 859 F. Supp. 2d 1097, 1104 (N.D. Cal. 2012) (reasonable consumers might be led to believe snack product is made with real strawberries when the word "strawberry" appears on the product label along with a depiction of the fruit).

(3) Defendant opines on how a reasonable consumer conceives the Products as being dessert foods and only containing flavoring, but does so without presenting any evidence, either expert or otherwise. Regardless, assessments as to what reasonable consumers would believe are better left for the trier of fact. *Reid,* 780 F.3d at 958.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

1    Defendant also argues that Plaintiff is required to show how he knows that a

2    reasonable consumer would have relied on Defendant's representations. MTD at 12.

3    This is incorrect. At this stage, Plaintiff need only show that a reasonable consumer

4    would have relied on Defendant's representations.   A plaintiff may prove reliance

5    "'by showing the defendant's misrepresentation or nondisclosure was an immediate

6    cause of the plaintiff's injury-producing conduct.'" *Hodsdon v. Mars*, 162 F. Supp.

7    3d 1016, 1022 (N.D. Cal. 2016) (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298,

8    326, (2009)).  Plaintiff has done that here.  *See* FAC ¶ 38.

9        Accordingly, Plaintiff's claims conform to the requirements of Rule 8(a).

10   **C.    Plaintiff Has Adequately Pled His Fraud Claims.**

11       Defendant argues that Plaintiff's claims should be dismissed for failure to

12   satisfy Rule 9(b). Claims based on fraudulent conduct must be accompanied by the

13   who, what, when, where, and how of the misconduct charged such that defendant is

14   given sufficient notice of the particular misconduct so that it can defend against the

15   charge and not just deny that they have done anything wrong. *Sandoval v.*

16   *Pharmacare US, Inc*., 145 F. Supp. 3d 986, 996-97 (S.D. Cal. 2015). When the

17   plaintiff identifies the misleading representations, illustrates why they are misleading,

18   states where those representations appeared, and provides the relevant time period in

19   which the representations were made, he has satisfied the 9(b) pleading requirement.

20   *See Chacanaca*, 752 F. Supp. 2d at 1126. On a motion to dismiss, the court should

21   read the complaint generously, accepting all allegations as true, and draw all

22   reasonable inferences in favor of the nonmoving party. *See Pelletier v. Fed. Home*

23   *Loan Bank of S.F.*, 968 F.2d 865, 872 (9th Cir. 1992). As set forth below, Plaintiff's

24   allegations satisfy the 9(b) pleading requirement because they lay out the specific

25   circumstances of the fraud for Defendant sufficiently to understand the nature of the

26   fraud and frame a response.

27

28
                                        12
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY**
**COMPLAINT AND MOTION TO STRIKE**

**The Who:** Plaintiff specifically identified Defendant Krispy Kreme Doughnut Corporation as the entity responsible for the misrepresentations regarding the Products. FAC ¶¶ 16-17.

**The What:** Plaintiff has set forth the false and misleading representations with adequate detail. For each of the Products, Plaintiff has alleged that both the name and the appearance of the Products are representations that the Products contain their respective Premium Ingredients. *Id.* ¶¶ 27-29. Furthermore, Plaintiff has included images of the allegedly misleading Products, along with examples of the trays and placards holding and identifying the Products. *Id.* ¶¶ 18-21. *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285, 1306 n.19 (S.D. Cal. 2003) (the particularity requirement of Rule 9(b) may be satisfied by identifying or attaching representative samples of [the misleading materials].); *Hall v. Diamond Foods, Inc.*, No. C-14-2148 MMC, 2014 U.S. Dist. LEXIS 149673, at *5 (N.D. Cal. Oct. 21, 2014) (plaintiff has sufficiently alleged the "what" by attaching a photograph of the portion of the packaging he relied on).

**The When:** Plaintiff alleged that he purchased the Products within the relevant class period. FAC ¶ 15 ("In fall of 2015, Mr. Saidian purchased, *inter alia*, the Chocolate Iced Raspberry Filled, the Maple Iced Glazed, and the Glazed Blueberry Cake donuts…."). *See Strumlauf v. Starbucks Corp.*, No. 16-cv-01306-TEH, 2016 U.S. Dist. LEXIS 79456, at *18-19 (N.D. Cal. June 17, 2016) ("When" prong satisfied as plaintiffs alleged that they purchased the product during the relevant class period"); *In re ConAgra Foods, Inc.*, 908 F. Supp. 2d 1090, 1100 (C.D. Cal. 2012) ("the court does not believe that requiring that plaintiffs allege specific dates on which they saw the representations is necessary or realistic.").

**The Where:** Plaintiff alleges that he purchased the Products at a Krispy Kreme store in Santa Monica, California. *Strumlauf,* 2016 U.S. Dist. LEXIS 79456, at *19 ("Where" prong satisfied when plaintiff alleged retail location of purchase).

13

Furthermore, Plaintiff alleges that the deceptive representations appeared (1) in the form of the Products' names on placards in front of each tray, and (2) in the form of how the Products appeared and were presented to consumers. FAC ¶¶ 27-29.

*The How:* Plaintiff has set forth why the representations are false and misleading. Plaintiff alleges that the representations regarding the Products are false and misleading because each of the Products does not contain its Premium Ingredient, as advertised. FAC ¶¶ 30-34. Plaintiff also alleges that he was induced into purchasing the Products or paying substantially more for the Products based on these false representations. FAC ¶ 42. *Strumlauf,* 2016 U.S. Dist. LEXIS 79456, at \*19 ("How" prong satisfied where plaintiff alleged what made the representations misleading and that plaintiff paid a premium for the products based on the misrepresentations).

Defendant suggests that Plaintiff has not provided detail as to "how and why" he believed the doughnuts contained Premium Ingredients. MTD at 13. Defendant poses a number of questions which are irrelevant to Plaintiff's claims for purposes of this motion. For example, Defendant asks what exactly Plaintiff thought the Products contained (maple vs. maple sugar; raw fruit vs. fruit jelly vs. fruit jam vs. dried fruit). *Id.* These details are irrelevant because the Products ***do not contain any*** of these Premium Ingredients. Furthermore, Defendant's remaining questions have already been answered. For example, Defendant seeks to know what exactly Plaintiff saw and whether he saw the display placard for each doughnut he purchased. *Id.* Defendant also wants to know what Plaintiff thought the names of the Products meant. *Id.* These questions have already been answered in Plaintiff's FAC. FAC ¶ 15 ("Mr. Saidian purchased the Products, reasonably relying on the Defendant's representations about the Products and believing that the each of Products he purchased contained its Premium Ingredient, as represented.").

14

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

1    In any case, Plaintiff has provided the who, what, where, when, and why of his

2    claims against Defendant.[3] Accordingly, Plaintiff has met the Rule 9(b) standard.

3    **D.   Plaintiff's Warranty Claims Do Not Fail.**
     **1.   Plaintiff Has Stated A Cause Of Action For Breach Of**
4          **Express Warranty.**

5    Defendant also contends that the names of the Products do not constitute

6    warranties that each Product contains its respective Premium Ingredient, because "a

7    product's name is not a warranty." Defendant's contention flies in the face of

8    established express warranty law. *See e.g.*, *Brown v. Hain Celestial Grp., Inc.*, 913 F.

9    Supp. 2d 881, 901 (N.D. Cal. 2012) (finding that use of the word "organic" in

10   defendant's product name or tag line could constitute an "affirmation of fact or

11   promise."); *Goldemberg v. Johnson & Johnson Consumer Cos.*, 8 F. Supp. 3d 467,

12   482-83 (S.D.N.Y. 2014) (holding that brand name "Active Naturals" could constitute

13   an express warranty that the product ingredients were all natural); *Paulino v.

14   Conopco, Inc.,* No. 14-CV-5145, 2015 U.S. Dist. LEXIS 108165, at *5-6 (E.D.N.Y.

15   Aug. 17, 2015) (product name "Suave NATURALS" could constitute an express

16   warranty); *In re 5-hour ENERGY Marketing and Sales Practices Litigation* ("*5-hour

17   Energy*"), No. MDL 13-2438 PSG (PLAx), 2017 U.S. Dist. LEXIS 13466, at *34

18   (C.D. Cal. Jan. 24, 2017) (denying summary judgment, holding that 5-hour ENERGY

19   product name could be basis for warranty that the product provides "five hours of

20   energy").

21   To prevail on a breach of express warranty claim under California law, a

22   plaintiff must prove that: (1) "the seller's statements constitute an affirmation of fact

23   or promise *__or a description of the goods__*; (2) the statement was part of the basis of

24   the bargain; and (3) the warranty was breached." Cal. Com. Code § 2313(1); *Brown,*

25   913 F. Supp. 2d at 899-900 (quoting *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App.

---

26   [3] Regardless, the 9(b) heightened pleading standard is inapplicable to Plaintiff's express and implied
27   warranty claims. *Fonseca v. Goya Foods, Inc.*, No. 16-CV-02559-LHK, 2016 U.S. Dist. LEXIS
     121716, at *23 (N.D. Cal. Sep. 8, 2016).
28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY
COMPLAINT AND MOTION TO STRIKE**

4th 1213, 1227 (2010)) (emphasis added). "Product advertisements, brochures, or packaging can serve to create part of an express warranty." *Rosales v. FitFlop USA, LLC*, 882 F.Supp.2d 1168, 1178 (S.D. Cal. 2012) (quoting *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods Liab. Litig.*, 754 F. Supp. 2d 1145, 1183 (C.D. Cal. 2010)).

The Products' names here constitute express warranties that each of the Products will contain its Premium Ingredient. The Products' names fall squarely into what California law considers an express warranty: a "description of the goods." California Commerical Code ("Cal. Com. Code") § 2313(1); *Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG) (RML), 2010 U.S. Dist. LEXIS 73156, at *66-67 (E.D.N.Y. July 21, 2010) (representations about vitaminwater are not puffery because they "describe the contents of a food product in ways consumers might reasonably rely on in choosing to purchase vitaminwater."). The "Chocolate Iced Raspberry Filled" name describes a Raspberry Product that is filled, at least partially, with raspberry. The "Maple Iced Glazed" and "Maple Bar" names describe Maple Products that are glazed, at least partially, with maple syrup or maple sugar. Finally, the "Glazed Blueberry Cake" name describes Blueberry Products that contain, at least some, blueberries. It is entirely plausible that a reasonable consumer would consider the dual role of the Products' names, as both (1) identifications of the Products, and (2) descriptions of the Products.

While Defendant argues that a product name is not a warranty, the only case cited by Defendant, *Forouzesh v. Starbucks Corp.*, No. CV 16-3830 PA (AGRx), 2016 U.S. Dist. LEXIS 111701 (C.D. Cal. Aug. 19, 2016), is inconsistent with the facts at hand. In *Forouzesh*, the court noted that the only representations made by defendant were the various cup sizes offered for sale but not the specific amount of liquid in each, as plaintiff suggested. *Id.* at *11. Accordingly, the court held that there was no fact or promise that was breached by defendant. *Id.* The *Forouzesh* case is

16

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

distinguishable from this case in that it addressed the relative quantity of two ingredients (ice v. fluid) in the iced drink products, **not** the absence of any of them. In contrast, Plaintiff alleges that the Products are **completely devoid** of their Premium Ingredients. Therefore, *Forouzesh* is inapplicable.

Defendant urges the court that "Blueberry," "Raspberry," and "Maple" merely describe the "general flavor" of the Products, and that reasonable consumers would not believe that those words implicate the ingredients or nutritional content of the Products. MTD at 15. Defendant is making an unsupported conclusion about the perceptions of consumers. As discussed earlier, how a reasonable consumer perceives the words "Blueberry," "Raspberry," and "Maple," in the Products' names, when coupled with the appearance of the Products, is an issue of fact reserved for the trier of fact. *Reid,* 780 F.3d at 958.

Accordingly, the Court should deny Defendant's motion to dismiss the express warranty claim.

## 2. Plaintiff Has Stated A Cause Of Action For Breach Of Implied Warranty of Merchantability

Defendant contends that Plaintiff has stated no implied warranty claim because he has not shown that the Products were inedible, not fit for consumption, did not perform as advertised, or were not of the same quality as those generally accepted in trade or practice. MTD at 15. Defendant has, again, misconstrued Plaintiff's pleadings. Plaintiff has <u>not</u> alleged a breach of implied warranty based on the above stated provisions of Cal. Com. Code § 2314. Defendant focuses its argument and the cases it relies on entirely on these alternative merchantability requirements.

Rather, Plaintiff's implied warranty claim is predicated on § 2314(2)(f), which provides that "[g]oods to be merchantable must . . . (f)[c]onform to the promises or affirmations of fact made on the container or label if any." FAC ¶ 98; Cal. Com. Code § 2314(2)(f); *Hauter v. Zogarts*, 14 Cal. 3d 104, 117-18 (1975) (the implied warranty of merchantability has several meanings, including that the product must

17

conform to the promises or affirmations of fact made on the container or label). Proof that the products are not merchantable under either meaning is sufficient to state a claim for breach of implied warranty. *In re ConAgra Foods, Inc.*, 908 F. Supp. 2d at 1111-12; *see also 5-hour ENERGY*, 2017 U.S. Dist. LEXIS 13466, at \*36 ("there are multiple prongs under which Plaintiffs can state an implied warranty claim under section 2-314 of the UCC.") Because the Products do not conform to the promises or affirmations of fact regarding the presence of the Premium Ingredients, Defendant has violated its implied warranty of merchantability. FAC ¶¶ 100-02; *5-hour ENERGY,* 2017 U.S. Dist. LEXIS 13466, at \*37 (denying summary judgment on breach of implied warranty of merchantability claim when evidence presented raises a genuine dispute of fact as to whether the product conforms to the "promises or affirmations" on its label). Accordingly, the Court should deny Defendant's motion to dismiss Plaintiff's implied warranty claim.

## E. Plaintiff's Unjust Enrichment Claim Should Not Be Dismissed.

Defendant argues that Plaintiff's unjust enrichment claim is duplicative of his legal remedies under the CLRA, UCL, and FAL. MTD at 15-16. Despite a divergence of authority in California courts, the Ninth Circuit has recently rejected the "duplicity" argument made by Defendant here. The appellate court in *Astiana v. Hain Celestial Grp., Inc.,* 783 F.3d 753, 762 (9th Cir. 2015) recently held that a plaintiff's unjust enrichment claim will not be subject to dismissal based on defendant's argument that an unjust enrichment claim is "duplicative or superfluous" to other claims. "When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014). *See also Brazil v. Dole Packaged Foods*, *LLC*, 660 F. App'x 531 (9th Cir. 2016) ("The district court did not have the benefit of our decision in *Astiana*, in which we held that unjust enrichment claims may be pleaded in the alternative in quasi-contract");

1   *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 989 (N.D. Cal. 2016)

2   ("Defendants' argument [regarding the duplicative nature of an unjust enrichment

3   claim] is no longer viable at the motion to dismiss stage in this Circuit.").[4]

4       Here, Plaintiff has adequately pled a quasi-contract claim. Plaintiff alleges that

5   Defendant made misleading representations about the Products, and was unjustly

6   enriched as it retained monies paid to it at the expense of deceived consumers. This is

7   sufficient under *Astiana*, 783 F.3d at 762 (plaintiffs' statement that "[defendant] had

8   'entic[ed]' plaintiffs to purchase their products through 'false and misleading'

9   labeling, and that [defendant] was 'unjustly enriched' as a result" is sufficient to state

10  a quasi-contract cause of action). Accordingly, the Court should deny Defendant's

11  motion to dismiss Plaintiff's unjust enrichment claim.

12      **F.    Plaintiff Has Standing To Seek Injunctive Relief.**

13      A plaintiff has standing to pursue injunctive relief when he or she manifests an

14  intention to purchase the challenged products in the future, <u>regardless of</u> plaintiff's

15  awareness of the alleged deception. *Ries v. Ariz. Bevereges. USA LLC*, 287 F.R.D.

16  523, 533 (N.D. Cal. 2012); *Henderson,* 2011 U.S. Dist. LEXIS 41077, at *18-20

17  ("[w]hile Plaintiffs may not purchase the same [] products as they purchased during

18  the class period, because they are now aware of the true content of the products, to

19  prevent them from bringing suit on behalf of a class in federal court would surely

20  thwart the objective of California's consumer protection laws."); *see also Lanovaz v.*

21  *Twinings N. Am., Inc.*, No. C-12-02646-RMW, 2014 U.S. Dist. LEXIS 1639, at *32

22  (N.D. Cal. Jan. 6, 2014) (adopting reasoning in *Henderson* and holding that plaintiff

23  has standing to seek injunctive relief).

24      In *Ries,* the defendants sought to dismiss plaintiffs' claims for injunctive relief,

25  arguing that "plaintiffs are not threatened by future harm because they are now aware

26

27  _____

[4] It should be noted that every case cited to and relied on by Defendant pre-dated the 2015 decision in *Astiana*, and therefore did not have the benefit of that precedent.

28

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**

1   of the contents of [product], and can no longer be deceived." 287 F.R.D. at 533. The

2   court rejected this notion, noting that "were the Court to accept the suggestion that

3   plaintiffs' mere recognition of the alleged deception operates to defeat standing for an

4   injunction, then injunctive relief would never be available in false advertising cases, a

5   wholly unrealistic result. *Id.* (adopting *Henderson*). Ultimately, the court held that

6   plaintiffs had standing to seek class-wide injunctive relief where they had a "stated

7   intent to purchase" the challenged product in the future. *Id.* at 533-34.

8       Furthermore, a number of courts have held plaintiffs to a lower injunctive relief

9   pleading standard. *See Dean v. Colgate-Palmolive Co.*, No. EDCV 15-0107 JGB

10  (DTBx), 2015 U.S. Dist. LEXIS 80150, *20-23 (C.D. Cal. June 17, 2015) (holding

11  that plaintiff has standing to seek injunctive relief <u>even if</u> the plaintiff does not claim

12  that he is still interested in buying the defendant's product); *see also Lilly v. Jamba*

13  *Juice Co.*, No. 13-cv-02998-JST, 2015 U.S. Dist. LEXIS 34498, at *12 (N.D. Cal.

14  Mar. 18, 2015) (plaintiffs' statement that she "would consider purchasing the

15  products again . . . " was sufficient to confer standing because a mere "willingness to

16  consider a future purchase is sufficient.").

17      Here, regardless of Plaintiff's current knowledge, Plaintiff has adequately

18  attested to having an intention to purchase the Products in the future. FAC ¶ 15 ("Mr.

19  Saidian is likely to purchase the Products in the future if they each were reformulated

20  to include their Premium Ingredients"). Plaintiff's stated intentions satisfy *Ries* and

21  go beyond those held sufficient to confer standing in *Dean* and *Lilly.* Accordingly,

22  the Court should hold that Plaintiff has standing to pursue injunctive relief.

23      **G.    The Court Should Not Strike Plaintiff's Nationwide Class Definition.**

24      Class allegations generally are not tested at the pleadings stage, and motions to

25  strike class allegations "are disfavored because a motion for class certification is a

26  more appropriate vehicle" for arguments about class propriety. *Thorpe v. Abbott*

27  *Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *see also Brown*, 913 F.

28

20

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY
COMPLAINT AND MOTION TO STRIKE**

1  Supp. 2d at 888 (N.D. Cal. 2012) ("[m]otions to strike are regarded with disfavor, as
2  they are often used as delaying tactics, and should not be granted 'unless it is clear
3  that the matter to be stricken could have no possible bearing on the subject matter of
4  the litigation.'") (quoting *Colaprico v. Sun Microsystems, Inc*., 758 F. Supp. 1335,
5  1339 (N.D. Cal. 1991)).

6      A number of courts in this jurisdiction have refused to prematurely strike class
7  allegations at the motion to dismiss phase. *See, e.g*., *Real v. Johnson & Johnson*
8  *Consumer Cos.,* No. 2:15-cv-05025-SVW-JEM, 2016 U.S. Dist. LEXIS 80044, at
9  *15 (C.D. Cal. Feb. 8, 2016) (Wilson, J.) (denying motion to strike class allegations
10 because defendant's motion was premature); *Grodzitsky v. Am. Honda Motor Co*.,
11 No. 2:12-cv-1142-SVW-PLA, 2013 U.S. Dist. LEXIS 33387, at *32-33 (C.D. Cal.
12 Feb. 19, 2013) (Wilson, J.) (denying motion to strike nationwide class allegations,
13 noting that "[d]efendant has yet to file an answer and discovery has not yet begun;
14 given the early stage of the proceedings… it is premature to determine if this matter
15 should proceed as a class action). Accordingly, this Court should deny Defendant's
16 motion to strike Plaintiff's class allegations as premature.

17      **H.    Defendant's Motion to Stay Should Be Denied.**

18      Defendant seeks to stay this action pending both appeals in *Jones* and *Kosta*,
19 cases involving different claims, products, and legal issues. Courts look to three
20 factors when considering whether to stay a case: (1) the possible damage which may
21 result from granting a stay, (2) the hardship or inequity which a party may suffer in
22 being required to go forward, and (3) the orderly course of justice measured in terms
23 of the simplifying or complicating of issues, proof, and questions of law which could
24 be expected to result from a stay. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.
25 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). "Only in rare
26 circumstances will a litigant in one cause be compelled to stand aside while a litigant
27 in another settles the rule of law that will define the rights of both." *Landis,* 299 U.S.

28
21
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY
COMPLAINT AND MOTION TO STRIKE**

1    at 255. The Court should deny Defendant's motion to stay because all of the *Landis*

2    factors weigh heavily in Plaintiff's favor and against any such stay.

3        *(A) The orderly course of justice will be disturbed by a stay.* Defendant has

4    offered no specific facts explaining why *Jones* and *Kosta* will necessarily affect the

5    specific issues in this case. Instead, it points to general legal requirements, such as

6    ascertainability, commonality, and predominance, insisting that the Ninth Circuit's

7    pending consideration of these principles is a sufficient basis to stay this case.  MTD

8    at 20. Without illustrating how this action overlaps with *Jones* and *Kosta*, Defendant

9    simply concludes that "the Court must answer each of these questions when

10   considering Plaintiff's motion for class certification…" *Id*. This conclusory

11   explanation is insufficient. *In re ConAgra Foods, Inc*., No. CV 11-05379-MMM

12   (AGRx) (C.D. Cal. Dec. 29, 2014), Dkt. No. 440 at 7 ("[t]he court is not persuaded,

13   based on ConAgra's conclusory assertions, that *Jones* will directly affect this case or

14   that a stay of the action will promote the orderly course of justice.").

15       All class actions must address threshold legal requirements, such as

16   ascertainability. There are numerous consumer class actions pending in this

17   jurisdiction, many of them involving food products. Should all of them be stayed?

18   The simple fact that the Ninth Circuit will examine issues which, one day might be

19   relevant, is not independently sufficient to justify a stay. *See Balser v. The Hain*

20   *Celestial Group Inc.*, No. 2:13-cv-05604, (C.D. Cal. Aug. 2, 2013) Dkt. No. 61 at 2.

21   It would hinder judicial efficiency, not enhance it, to stay all pending cases that might

22   theoretically be impacted by the Ninth Circuit's docket.  If the possibility of a change

23   in the law justified a stay, there would be far too many cases stayed.

24       Furthermore, almost all of the issues in both the *Jones* and *Kosta* appeals have

25   either been resolved or are irrelevant to this case.  The foremost issue in both appeals

26   is whether the district courts erred in imposing a separate "ascertainability"

27   requirement in Rule 23. *See Jones v. ConAgra Foods, Inc*., No. 14-16327 (9th Cir.

28

---

22

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY
COMPLAINT AND MOTION TO STRIKE**

1   Jul. 15, 2014), Dkt. No. 21 at 2; *Kosta v. Del Monte Foods, Inc*., No. 15-16974 (9th

2   Cir. Feb. 10, 2016), Dkt. No. 8 at 2.  However, on January 3, 2017, the Ninth Circuit

3   Court of Appeals held that "[a] separate administrative feasibility prerequisite to class

4   certification is not compatible with the language of Rule 23." *Briseno v. ConAgra*

5   *Foods, Inc*., No. 15-55727, 2017 U.S. App. LEXIS 20, at *3 (9th Cir. Jan. 3, 2017).

6   Therefore the ascertainability issue in both *Jones* and *Kosta* has been resolved.[5]

7        The appeal in *Jones* challenges the district court's dismissal of Jones' claim for

8   injunctive relief because Jones "did not attest to having any intention of buying

9   Hunt's products in the future[.]"*Jones,* No. 14-16327, Dkt. No. 21 at 50. As discussed

10   above, Plaintiff has stated his intent to purchase the Products in the future. FAC ¶ 15.

11   Therefore, resolution of the injunctive relief issue in *Jones* is irrelevant to this action.

12        Moreover, *Jones* and *Kosta* are highly distinguishable from this action due to

13   the large number of products involved in those cases, as well as the "variations" in

14   the product over time. Plaintiff's claims do not encompass a large number of different

15   products or product variations over time. *See Martinelli v. Johnson & Johnson*, No.

16   2:15-cv-01733-MCE-EFB, 2016 U.S. Dist. LEXIS 16481, at *3-4 (E.D. Cal. Feb. 10,

17   2016) (denying defendant's motion to stay because *Jones* and *Kosta* involve multiple

18   labels on dozens or hundreds of products, which affected ascertainability, while

19   plaintiff only challenged two products); *see also Torrent v. Ollivier* No. CV 15-02511

20   DDP (JPRx), 2015 U.S. Dist. LEXIS 143951, at *4 (C.D. Cal. Oct. 22, 2015)

21   (denying motion to stay, noting the factual differences in *Jones*, and reasoning that

22   ruling in *Jones* may be "be limited to cases involving a wide variety of allegedly

23   mislabeled products").

24

25   _____

     [5] Defendant claims that "the court specifically stated that it did not address ascertainability in its
26   decision." MTD at 20, Fn 9. In support, Defendant cites to Footnote 3 of the *Briseno* decision. In
     Footnote 3, Justice Friedland simply states that the court will be careful with its semantics regarding
27   the term "ascertainability." The court does <u>not</u> opine that the "administrative feasibility" issue it is
     addressing is not an issue of ascertainability.

28
                                                        23

While Defendant cites to a number of cases that were stayed, those cases are factually distinguishable to the case at hand. The decision to stay a case depends on the facts involved in each individual case, and is in the court's discretion. *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1109 (9th Cir. 2005). While the facts of those cases may have warranted a stay, every case is different. *See In re ConAgra Foods, Inc*., No. CV 11-05379- MMM (AGRx), Dkt. No. 440 at 7-13 (discussing factual reasons why a stay was not warranted). Here, Defendant has not offered any specific facts. Rather, counsel for Defendant simply cut and pasted the vast majority of its stay argument from a brief filed in a case involving "medical food" in this District. *Grivas v. Metagenics, Inc.*, No. 8:15-cv-01838-CJC-DFM, Dkt. No. 22 at 12-16.

(**B**) ***Defendant will not suffer hardship if the case proceeds.*** Defendant has failed to show any unusual or extraordinary burden it will bear in going forward with this litigation. *See Martinelli,* 2016 U.S. Dist. LEXIS 16481, at *6-7 (rejecting defendant's argument that proceeding would be inefficient and wasteful, reasoning that impact of Ninth Circuit's decisions is too speculative). Whatever tasks and costs Defendant faces in defending this case are typical litigation costs. Discovery will be necessary no matter what. A speculative fear that the parties will suffer a setback in conducting discovery is insufficient justification for a stay. *Balser, et al.,* No. 2:13-cv-05604, Dkt. No. 61 at 2.

(**C**) ***Plaintiff will suffer prejudice if the stay is granted***. It is uncertain when the issues in *Jones* and *Kosta* will be conclusively resolved by the Ninth Circuit. What is certain is that a stay would delay this case indefinitely, given the fact that the appeal in *Jones* itself has been stayed pending the U.S. Supreme Court's resolution of *Microsoft Corp. v. Baker, et al*., No. 15-457. *See Jones v. ConAgra Foods, Inc*., No. 14-16327 (9th Cir. Jul. 12, 2016), Dkt. No. 74. Furthermore, counsel for Defendant now seeks to also stay *Kosta* pursuant to *Microsoft Corp*. *See Kosta v. Del Monte Foods, Inc.*, No. 15-16974 (9th Cir. April. 11, 2016), Dkt. No. 15 at 3. *Microsoft*

24

1  *Corp.* has no definite timetable for final resolution. *See Yong v. INS*, 208 F.3d 1116,
2  1119 (9th Cir. 2000) (the court must "balance the length of the stay against the
3  strength of the justification given for it . . . .If a stay is especially long or its term is
4  indefinite, we require a greater showing to justify it."). As the Ninth Circuit has
5  recognized, "[a] stay should not be granted unless it appears likely the other
6  proceedings will be concluded within a reasonable time." *Leyva v. Certified Grocers*
7  *of California, Ltd*., 593 F.2d 857, 864 (9th Cir. 1979). Plaintiff would like to resolve
8  this case, rather than have it linger indefinitely.

9      Furthermore, Defendant has failed to offer an estimate of how long their
10  proposed stay would likely be in place. The Ninth Circuit noted in *Blue Cross*, as is
11  true here, that lengthy and undefined time parameters Defendants were asking for
12  would be improper. *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery*
13  *Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007).

14      Moreover, a stay would subject Plaintiff to a "memory test" once the stay is
15  lifted. *New York v. Hill*, 528 U.S. 110, 117 (2000) (recognizing that "[d]elay can lead
16  to a less accurate outcome as witnesses become unavailable and memories fade.");
17  *Blue Cross*, 490 F.3d at 724 (same).[6]

18      Accordingly, Defendant's motion to stay should be denied.

19  **V.   CONCLUSION**

20      For the foregoing reasons, Plaintiff respectfully requests that this Court deny
21  Defendant's Motion to Dismiss or Stay, and Motion to Strike, in their entireties.

22  Dated: February 2, 2017          **FARUQI & FARUQI, LLP**

23

24                    By: */s/ Barbara A. Rohr*
                    Barbara A. Rohr, Bar No. 273353
25                    Benjamin Heikali, Bar No. 307466
                    10866 Wilshire Blvd., Suite 1470
26                    Los Angeles, CA 90024

27  ---
   [6] In *Kosta* counsel for Defendant notes the fact that Plaintiff can no longer remember the specifics
28  of his purchases. *Kosta*, No. 15-16974, Dkt. No. 15 at 26.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY
COMPLAINT AND MOTION TO STRIKE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Dated: February 2, 2017                    By: */s/ Barbara A. Rohr*
                                                Barbara A. Rohr

26

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR STAY COMPLAINT AND MOTION TO STRIKE**